**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Mark Roy ARNOLD, Defendant–Appellant.**

**No. 92–30180.**

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 4, 1992 *.

Decided Dec. 30, 1992.

---

* The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34–4.

Kelly R. Beckley, Eugene, OR, for defendant-appellant.

Frank R. Papagni, Jr., Asst. U.S. Atty., Eugene, OR, for plaintiff-appellee.

Before KILKENNY, GOODWIN and FERGUSON, Circuit Judges.

GOODWIN, Circuit Judge:

Mark Roy Arnold appeals a 15–year sentence imposed after he pled guilty to being an ex-convict in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). We affirm.

Arnold's first assignment of error challenges the number of prior convictions considered by the district court in finding him qualified for sentencing under the Armed Career Criminal Act, 18 U.S.C. § 924(e). Arnold was convicted of five burglaries, all of which were committed at different times and against different victims. He committed two burglaries on July 7, 1986. While on release prior to sentencing after his guilty plea, Arnold committed additional burglaries on July 10, August 28, and September 12, 1987. He was sentenced for the two 1986 burglaries on October 13, 1987, and for the three 1987 burglaries on October 23, 1987. The district court held that the five discrete crimes more than satisfied the Armed Career Criminal Act requirement of at least three predicate offenses "committed on occasions different from one another." The court correctly relied upon *United States v. Antonie*, 953 F.2d 496, 498–499 (9th Cir.1991), *cert. denied*, —— U.S. ——, 113 S.Ct. 138, 121 L.Ed.2d 91 (1992).

Arnold now argues that *Antonie* has been modified by two new cases, and no longer supports his sentence as an armed career criminal. Arnold misreads the cases. In *United States v. Chapnick*, 963 F.2d 224 (9th Cir.1992), and again in *United States v. Bachiero*, 969 F.2d 733 (9th Cir.1992) (per curiam), we were dealing with the meaning of "consolidated for sentencing" in the context of Application Note 3 to U.S.S.G. § 4A1.2(a)(2). Those cases held that for guideline sentencing purposes the application note required the court to treat for criminal history calculation all prosecutions combined for trial or sentencing as a single conviction. These cases, however, had nothing to do with sentencing under an indictment charging a defendant as an "armed career criminal" under 18 U.S.C. § 924(e). For the purposes of counting convictions under the Armed Career Criminal Act, *Antonie* remains controlling.

Finally, Arnold challenges his 15–year sentence, asserting that the district court should have granted him a downward departure below the mandatory 15–year minimum sentence for persons qualifying under § 924(e). Arnold cites no authority for his assertion, and in the absence of a motion by the government, the district court was not authorized to depart downward from a statutory mandatory minimum sentence. *See United States v. Keene*, 933 F.2d 711, 714–715 (9th Cir.1991).

AFFIRMED.