**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Joe Sherman MAXEY, Defendant–Appellant.**

**No. 92–10336.**

United States Court of Appeals, Ninth Circuit.

Submitted * March 9, 1993.

Decided March 23, 1993.

---

* This panel unanimously agrees that this case is

Camille Wintch, Asst. U.S. Atty., Las Vegas, NV, for plaintiff-appellee.

Before: NORRIS, HALL and FERNANDEZ, Circuit Judges.

CYNTHIA HOLCOMB HALL, Circuit Judge:

Joe Sherman Maxey appeals his sentence to a mandatory minimum term of 15 years' imprisonment pursuant to 18 U.S.C. § 924(e) imposed after conviction by jury trial of unlawful possession of a firearm by a felon, a violation of 18 U.S.C. § 922(g)(1). The district court had jurisdiction under 18 U.S.C. § 3231, and this Court has jurisdiction over Maxey's timely appeal pursuant to 18 U.S.C. § 3742. We affirm.

I

Joe Maxey was arrested at a traffic stop as a passenger in a car after approaching police saw him drop a handgun out of the window. Maxey was convicted by jury trial of unlawful receipt of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1). The indictment also alleged that Maxey had three previous convictions for violent felonies or serious drug offenses committed on different occasions, subjecting him to an enhanced sentence under the Armed Career Criminal Act. *See* 18 U.S.C. § 924(e)(1) (1988). Finding three convictions, the district court sentenced Maxey to 15 years' imprisonment.

The government relied on three previous convictions to establish Maxey's eligibility for sentence enhancement under section 924(e):

1. November 21, 1975, Clark County District Court, Nevada, Robbery, committed August 10, 1975;

Karen C. Winckler, Wright Judd & Winckler, Las Vegas, NV, for defendant-appellant.

appropriate for submission without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34–4.

2. April 5, 1982, Clark County District Court, Nevada, Sale of Controlled Substance, committed on May 1, 1981;

3. April 5, 1982, Clark County District Court, Nevada, Sale of Controlled Substance, committed on May 25, 1981.

Maxey has no other convictions which would constitute predicate offenses under section 924(e).

■ We previously affirmed Maxey's conviction, but vacated his sentence and remanded for determination whether one of Maxey's predicate convictions involved a "serious drug offense" as required by the statute. *See id.* § 924(e)(2)(A). The district court determined, and Maxey does not dispute, that the prior conviction in question did involve a "serious drug offense." Instead, Maxey contended that his two previous drug offense convictions should be treated as a single conviction for purposes of sentence enhancement under section 924(e), in light of the fact that the offenses were part of a single criminal scheme and were consolidated for sentencing. The district court rejected Maxey's arguments, relying on *United States v. Wicks*, 833 F.2d 192 (9th Cir.1987), *cert. denied*, 488 U.S. 831, 109 S.Ct. 87, 102 L.Ed.2d 63 (1988) and his reading of the Sentencing Guidelines. We review the trial court's application of a sentencing statute de novo. *See United States v. Antonie*, 953 F.2d 496, 497 (9th Cir.1991), *cert. denied*, —— U.S. ——, 113 S.Ct. 138, 121 L.Ed.2d 91 (1992).

The facts of the drug offense convictions are as follows: In April and May 1981, North Las Vegas police were conducting a continuing investigation of three trailers in a trailer park, one of which was Maxey's. On the evening of May 1, Maxey and his wife approached two undercover officers and offered them a cigarette laced with PCP, which they bought for $10. On May 25, two different undercover officers were in the area, and Maxey again offered them a cigarette laced with PCP, which they also bought for $10. On May 26, officers obtained and executed a search warrant of Maxey's home based upon these events, and Maxey and his wife were arrested and charged with the first sale. *State v. Maxey,* No. C54376 (Nev.Dist.Ct. April 20, 1982). Three days later, Maxey was charged with the second sale in a separate complaint. Maxey proceeded to trial on the second sale, and was convicted. *State v. Maxey,* No. C54378 (Nev.Dist.Ct. April 20, 1982). Prior to sentencing, he negotiated a plea bargain on the first sale, pursuant to which he pled guilty and the charges against his wife were dropped. At his request, sentencing pursuant to the guilty plea was consolidated with sentencing upon the jury verdict. Concurrent sentences were imposed on April 5, 1982, and judgment was entered April 20, 1982.

II

■ Section 924(e) provides that any person with three previous convictions for violent felonies or serious drug offenses "committed on occasions different from one another" who violates section 922(g) of the federal gun laws shall be imprisoned for at least fifteen years without probation or parole.[1]

Maxey first argues that our prior decisions in *United States v. Wicks* and *United States v. Antonie* are wrong. Whatever may be the merits of such an argument, we are bound by the rule laid down in those cases until it is overruled by this Court *en banc* or by the Supreme Court. The district court did not err in considering itself bound by those decisions. Nor did it err in finding that under *Wicks*, as reaffirmed by

---

1. In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined not more than $25,000 and imprisoned not less than fifteen years, and, not-

withstanding any other provision of law, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under section 922(g), and such person shall not be eligible for parole *with respect to the sentence imposed under this* subsection.

18 U.S.C. § 924(e)(1) (1988).

*Antonie,* the two sales of cigarettes laced with PCP on May 1 and May 25, 1981 for which Maxey received two convictions are offenses committed on different occasions.

Should we "decline" to reconsider *Antonie,* Maxey urges the Court to apply the single criminal episode rule to multiple drug offenses differently from violent felonies. He argues that convictions that result from a continuous, ongoing business of selling drugs should comprise a single criminal episode for purposes of section 924(e). Although no authority is cited for this contention, Maxey points to the predominant role of the undercover officer in structuring and controlling the timing and quantity of drugs involved in illegal narcotics transactions. He argues that the ability of law enforcement officers to manipulate the number and seriousness of offenses charged, and hence of predicate convictions obtained, distinguishes drug offenses from violent felonies and warrants different treatment when counting predicate convictions. The question whether drug offenses committed during "an ongoing business or 'course of criminal conduct' involving the sales of illegal controlled substances" are single or multiple criminal episodes is a question of first impression in this circuit.

■ Maxey is correct that *Antonie* and the cases it relied upon all involved predicate offenses that were violent felonies. *See* 953 F.2d at 497–98 (two armed robberies forty minutes apart, in different cities, with different victims); *United States v. Tisdale,* 921 F.2d 1095, 1099 (10th Cir.1990) (three burglaries in same evening, of different businesses in separate structures), *cert. denied,* —— U.S. ——, 112 S.Ct. 596, 116 L.Ed.2d 619 (1991); *United States v. Washington,* 898 F.2d 439, 442 (5th Cir.) (two robberies of same store on same night, several hours apart), *cert. denied,* 498 U.S. 842, 111 S.Ct. 122, 112 L.Ed.2d 91 (1990); *United States v. Schieman,* 894 F.2d 909, 913 (7th Cir.) (battery on police officer immediately after burglary), *cert. denied,* 498 U.S. 856, 111 S.Ct. 155, 112 L.Ed.2d 121 (1990). The rule established, however, is not limited in application: offenses that are temporally distinct constitute separate predicate offenses, even if committed within hours of each other, similar in nature, and consolidated for trial or sentencing. *See Antonie,* 953 F.2d at 498.

Furthermore, other cases decided after *Antonie* reject Maxey's argument. *United States v. Roach,* 958 F.2d 679 (6th Cir.), *cert. denied,* —— U.S. ——, 113 S.Ct. 135, 121 L.Ed.2d 88 (1992), involved sentence enhancement under section 924(e) for previous drug offense convictions nearly identical to Maxey's. In that case, the defendant had two previous convictions for serious drug offenses. The offenses were committed on March 11 and 26 of the same year; both involved a sale of controlled substances to the same undercover agent; and both convictions were obtained in a single proceeding. 958 F.2d at 683. Applying the rule this court adopted in *Antonie,* the Sixth Circuit agreed that in determining whether prior convictions constitute a single episode or multiple criminal episodes, the date the offenses are committed is the relevant factor. *Id.* The short duration—fifteen days—between the two offenses did not warrant a different rule. *Id.* at 684. *Accord United States v. Samuels,* 970 F.2d 1312, 1315 (4th Cir.1992) (drug offenses on consecutive days involving different people are separate predicate offenses for purposes of section 924(e)).

Maxey relies on the Fourth Circuit's decision in *United States v. Blackwood,* 913 F.2d 139 (4th Cir.1990). The court in that case held that possession of marijuana in a truck and in a hotel room, which possession occurred simultaneously but was discovered two hours apart, constituted a single act of criminality: possession with intent to sell within a limited geographical area and period of time. *Id.* at 145. In so doing, it concurred in the view of the state appellate court that affirmed consolidation of the two cases for trial. *Id.*

Apart from the fact that *Blackwood* is foreign circuit authority interpreting a different (though analogous) statute and simply cannot control where our own precedent is directly on point, we think that *Samuels* erodes whatever force Maxey's argument may have had. Moreover, *Blackwood* simply shows another application of the "single criminal episode" rule;

it does not apply a different rule for drug offenses. The court refused to permit sentence enhancement based upon two drug convictions only after determining that the two convictions arose from a single episode. 913 F.2d at 145. By contrast, Maxey's criminal acts did not occur simultaneously, nor were they limited to a single period of time. Nor, as he contends, were they limited to the same "victim;" the record reflects that four different undercover officers were involved in the sales.[2] Nor, as Maxey also asserts, did the state insist upon consolidation of the two charges; the record reflects that the cases were consolidated only upon Maxey's own request, for sentencing, after a jury verdict upon one charge persuaded him to enter a plea agreement as to the other.

The Sixth Circuit has defined a criminal episode as "a punctuated occurrence with a limited duration." *Roach,* 958 F.2d at 684 (quoting *United States v. Hughes,* 924 F.2d 1354, 1361 (6th Cir.1991)). An ongoing course of criminal conduct such as narcotics trafficking may involve many such criminal episodes, each a discrete occurrence. The fact that all are related, part of a series, or part of a continuous course of criminal dealing, does not necessarily render them a "single" criminal episode, particularly where the episodes occur over time. To so hold would insulate the very career criminals the statute is designed to reach—those continuously engaged in criminal conduct.

In sum, *Antonie* leaves us little room to apply a different rule where the predicate offenses are drug offenses, rather than violent crimes, and even if it did Maxey offers no convincing reason to fashion an exception to the uniform rule applied by this and other circuits. We hold that no less than violent felonies, drug offenses committed at distinct, different times are separate predicate offenses for purposes of section 924(e).

### III

■ Maxey's second theory is that the Sentencing Guidelines define which prior convictions count and how they are counted

for purposes of applying section 924(e). Since his two drug convictions result in only one prior sentence for purposes of calculating criminal history points under the Guidelines, Maxey argues that they do not constitute convictions for offenses "committed on occasions different from one another" within the meaning of the statute. *See* 18 U.S.C. § 924(e)(1) (1988).

The Sentencing Guidelines focus on sentences, rather than convictions, and provide that related sentences are to be counted as one for purposes of awarding criminal history points. United States Sentencing Commission, *Guidelines Manual* § 4A1.2(a)(2) (Nov. 1991). Sentences are related if the offenses "(1) occurred on the same occasion, (2) were part of a single common scheme or plan, or (3) were consolidated for trial or sentencing," so long as not punctuated by an intervening arrest. *Id.* comment. (n. 3). In *United States v. Arnold,* 981 F.2d 1121 (9th Cir.1992), this Court indirectly addressed the relationship between the related offense provisions of the Sentencing Guidelines and section 924(e). We held that case law applying the related offense provisions of section 4A1.2(a)(2) "had nothing to do" with sentencing a defendant convicted under section 924(e). *Id.* at 1122. We follow *Arnold* and reject Maxey's argument that section 4A1.2 modifies *Antonie*'s interpretation of section 924(e).

Maxey claims that the district court should have sentenced him under section 4B1.4, the Armed Career Criminal guideline, which implements section 924(e). U.S.S.G. § 4B1.4 comment. (backg'd). He argues that this section incorporates the related offense rationale of section 4A1.2.

Although guideline 4B1.4 was added effective November 1, 1990, and Maxey was sentenced on November 15, 1990, the district court did not apply it. The district court concluded that section 4B1.4 first required it to determine whether section 924(e) was applicable, and that the separate

---

2. Although Sergeant Smith happened to sign the police reports from both incidents in one place, it is clear from their content and other signatures on the reports that Officers Tillmon and Nelson made the first drug purchase and Officers Rogers and Brown the second.

criminal episode rule of *Wicks* controlled that analysis. Since the resulting sentence under amended section 4B1.4 was greater than the statutory minimum imposed by the guidelines as previously in effect, the district court sentenced Maxey according to the prior guidelines and did not apply section 4B1.4. *See Miller v. Florida*, 482 U.S. 423, 435–36, 107 S.Ct. 2446, 2453–54, 96 L.Ed.2d 351 (1987). This Court has not previously considered the relationship between the definitions in section 4A1.2 and guideline 4B1.4. We review the district court's interpretation of the Sentencing Guidelines *de novo. United States v. Alvarez*, 972 F.2d 1000, 1007 (9th Cir.1992), *cert. denied,* — U.S. —, 113 S.Ct. 1427, 122 L.Ed.2d 795 (March 8, 1993).

The district court correctly rejected Maxey's argument that guideline section 4A1.2's related offense doctrine should determine whether section 924(e) is applicable. The Guidelines do not purport to determine whether section 924(e) applies. Section 4B1.4 simply provides that "[a] defendant *who is subject to*" sentence enhancement under section 924(e) shall have a specified criminal history category. U.S.S.G. § 4B1.4(a) (*emphasis added*). There is no indication that the definitions in section 4A1.2(a) and application note 3 apply in determining whether one "is subject to" section 4B1.4 of the Guidelines and section 924(e) of Title 18. There are several indications to the contrary.

First, the criminal history definition in section 4A1.2, which determines when "related" sentences are treated as a single sentence, explicitly states that it applies for purposes of determining criminal history points under section 4A1.1. U.S.S.G. § 4A1.2(a)(2). It does not mention that it applies under any other guideline.

Second, the Career Offender guideline, section 4B1.1, contains its own definitions; where it adopts section 4A1.2's treatment of related convictions, it does so expressly. *See* U.S.S.G. § 4B1.2(3) & comment. (n. 4). This suggests that other guidelines would expressly incorporate the 4A1.2 definitions if that result were intended.

Third, the Armed Career Criminal guideline application notes expressly point out that several 4A1.2 definitions are not applicable to the determination of whether a defendant is an Armed Career Criminal under section 924(e). U.S.S.G. § 4B1.4 comment. (n. 1). The notes also point out that the predicate offense definitions in section 4B1.1, used to classify a Career Offender, are different from the statutory definitions that subject a defendant to sections 924(e) and 4B1.4 as an Armed Career Criminal. *Id.* This suggests that the Sentencing Commission did not intend other guideline provisions to displace existing law pertaining to section 924(e). We reject Maxey's 'expressio unius est exclusio alterius' argument; the Sentencing Commission has amply demonstrated its ability to express its intent with greater clarity than that. *See, e.g.,* U.S.S.G. § 4B1.2 comment. (n. 4) (expressly incorporating related offense definitions for counting prior convictions).

We conclude that section 4B1.4 does not incorporate section 4A1.2's definition of "related" offenses in determining whether a defendant is subject to sentence enhancement under its provisions, and that the Guidelines do not displace section 924(e) and case law interpreting it.

The sentence is AFFIRMED.