5 F.3d 542
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America Plaintiff-Appellee,
v.
Ausencio LARA-ACOSTA Defendant-Appellee.
 No. 92-10593.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 14, 1993.
Decided Sept. 15, 1993.
 
 Appeal from the United States District Court, for the District of Nevada, D.C. No. CR-91-00260-LDG; Lloyd D. George, District Judge, Presiding.
 D.Nev.
 AFFIRMED.
 Before: GOODWIN, NORRIS, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Ausencio Lara-Acosta appeals a sentence of 15 years imposed pursuant to the Armed Career Criminal Act, 18 U.S.C. Sec. 924(e). We affirm.
 
 
 3
 Section 924(e) mandates a minimum sentence of 15 years for the illegal possession of a firearm by anyone with three prior convictions for violent felonies or serious drug offenses. Lara-Acosta argues that two of the three necessary predicate convictions should have been counted as one conviction for purposes of 924(e). The district court's application of a sentencing statute is reviewed de novo. United States v. Antonie, 953 F.2d 496, 497 (9th Cir.1991), cert. denied, 113 S.Ct. 138 (1992).
 
 
 4
 The predicate offenses at issue are two convictions for distribution of a controlled substance in violation of 21 U.S.C. Sec. 841(a)(1). The first offense involved the distribution of .7 grams of cocaine by the defendant to an undercover officer on September 11, 1979, and the second involved a distribution of ?? grams of cocaine to the same undercover officer on the following day, September 12, 1979. The district court acknowledged that the delivery of the .7 grams was the result of the undercover officer's request for a "sample," and that the two deliveries appeared to have been contemplated as part of a single transaction. Nonetheless, the district court concluded that because the distributions took place on different days, they satisfied Sec. 924(e)'s requirement that the offenses be "committed on occasions different from one another."
 
 
 5
 Lara-Acosta challenges the district court's application of Sec. 924(e) on two grounds. First, he argues that the "separate and distinct criminal episode" test adopted in Antonie, 953 F.2d at 499, should not be applied to multiple drug offenses involving undercover investigations. He maintains that the ability of undercover law enforcement officers to transform a single narcotics transaction into multiple offenses requires that predicate convictions for drug offenses be treated differently than convictions for violent felonies.[1]
 
 
 6
 This argument was recently rejected in United States v. Maxey, 989 F.2d 303 (9th Cir.1993). In Maxey, the court held that the Antonie rule applies equally to drug offenses and to violent felonies. Id. at 306. Thus, drug offenses "that are temporally distinct constitute separate predicate offenses." Id. Here, the two deliveries of cocaine took place a day apart, making them separate and distinct criminal episodes.
 
 
 7
 Lara-Acosta also suggests that the court abandon the "separate and distinct criminal episode test" in favor of Sentencing Guidelines section 4A1.2's "related cases" doctrine. This too was rejected in Maxey, where the court expressly held that "the Guidelines do not displace section 924(e) and the case law interpreting it." Id. at 308.
 
 
 8
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Lara-Acosta also argues that the application of Sec. 924(e)'s sentence enhancement to his case conflicts with United States v. Palafox, 764 F.2d 558 (1985) (en banc). Lara-Acosta's reliance on Palafox is misplaced. There, the court refused to impose separate punishments on a defendant who had been convicted for two offenses committed virtually simultaneously, distribution of a controlled substance and possession with intent to distribute. Id. at 560. The concern in Palafox was that a single act of distribution had formed the basis for the convictions of distribution and possession with intent to distribute. Id. at 563. In contrast to Palafox, the offenses at issue here were two separate acts of distribution committed on separate days