28 F.3d 110
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Johnny Keith WALKER, Sr., Floyd Lloyd Wells, Defendants-Appellants.
 Nos. 93-10421, 93-10424.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 13, 1994.
Decided May 31, 1994.
 
 Before: FERGUSON, NOONAN, T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Johnny Keith Walker and Floyd Lloyd Wells appeal their convictions under 18 U.S.C. Sec. 922(g)(1) for being felons in possession of firearms. They argue, inter alia, that the district court violated Fed.R.Evid. 403 by admitting evidence that the firearms found in the trunk of their co-defendant's car, as well as the defendants' clothes, had blood on them. Walker also appeals his sentence as violative of the Eighth Amendment and as improperly imposed pursuant to 18 U.S.C. Sec. 924(e), the Armed Career Criminal Act. We reject these contentions and affirm.
 
 
 3
 First, the defendants argue that the district court violated Rule 403 by admitting the evidence of the blood found on the defendants' clothes and on the firearms because it was prejudicial. Any evidence that tends to connect the defendants to the firearms is prejudicial. Rule 403, however, only excludes evidence if the danger of unfair prejudice substantially outweighs the probative value of the evidence. Evidence is unfairly prejudicial if it causes an ordinary person to apply prejudice, as opposed to reason, in determining the defendant's guilty. That is not the case here.
 
 
 4
 The district court properly excluded evidence concerning the quantity of blood found and only allowed testimony concerning the location of the blood on the guns and the defendants' clothes. This served to connect the defendants to the guns and was proper.
 
 
 5
 Second, the district court properly sentenced Walker under the Armed Career Criminal Act because he was convicted of being a felon in possession of a firearm and he had three violent felony convictions committed on occasions different than one another. See United States v. Maxey, 989 F.2d 303, 306 (9th Cir.1993) (offenses that are temporally distinct are separate predicate offenses for purposes of Sec. 924(e) even if they were consolidated for trial or sentencing, committed within hours of each other and similar in nature). Thus, under 18 U.S.C. Sec. 924(e)(1), the district court was required to sentence Walker to at least fifteen years in jail.
 
 
 6
 Also, Walker's sentence was not unconstitutionally disproportionate to his offense in violation of the Eighth Amendment. The mandatory minimum fifteen year sentence under the Armed Career Criminal Act does not violate the Eighth Amendment. United States v. Baker, 850 F.2d 1365, 1372 (9th Cir.1988).
 
 
 7
 For these reasons, the district court's ruling is AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3