33 F.3d 60
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Joseph Louis TOKASH, Defendant-Appellant.
 No. 93-10676.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 12, 1994.*
Decided Aug. 24, 1994.
 
 Before: FLETCHER, HALL and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Appellant Joseph Louis Tokash appeals his sentence under 18 U.S.C. Sec. 924(e), the Armed Career Criminal Act (ACCA). We affirm.
 
 BACKGROUND
 
 3
 Tokash pled guilty to violating 18 U.S.C. Sec. 922(g), possession of a firearm by a felon. Tokash was sentenced under the ACCA, which sets forth a mandatory minimum sentence of 15 years for persons who are convicted of violating Sec. 922(g) and who have "three previous convictions ... for a violent felony ... committed on occasions different from one another."
 
 
 4
 At the sentencing proceedings in the district court, Tokash brought a collateral attack against four armed robbery convictions he suffered in 1982. The factual basis for Tokash's attack was that he was subjected to a lineup without benefit of counsel. The lineup took place before Tokash had been charged with the robberies; in fact, Tokash appears not to have been the suspect but rather only a "filler" in the lineup.[1] The legal bases for Tokash's collateral attack were the due process clause of the Fourteenth Amendment and cases from California which afford certain protections to defendants at pre-indictment lineups. The district court concluded that Tokash's prior convictions survived collateral attack. He appeals from that determination.
 
 
 5
 Tokash also contends that a burglary conviction he suffered in 1969 cannot properly be considered a predicate crime under the ACCA. In 1969, Tokash pled guilty to second degree burglary. He contends that the burglary can only be considered a "violent felony" if the court examines the underlying facts. Under the precedent of the Supreme Court and this circuit, Tokash argues, the court must not look to those facts.
 
 DISCUSSION
 
 6
 Since the briefs in this case were filed, the Supreme Court decided Custis v. United States, 114 S.Ct. 1732 (1994). Custis severely limited the ability of defendants sentenced under the ACCA to collaterally attack predicate felony convictions at sentencing. The Custis Court held that the ACCA itself does not provide any right to bring a collateral attack. Id. at 1735-37. Custis did recognize a limited constitutional right to collaterally attack predicate convictions, but held that such attacks could be brought only when the constitutional infirmity alleged was a violation of "the right to have appointed counsel established in Gideon [v. Wainwright, 372 U.S. 335 (1963) ]." Id. at 1738.
 
 
 7
 Tokash does not allege a violation of the right established in Gideon, but rather a violation of his rights under California law and the due process clause. Thus his challenge does not fall under the narrow exception recognized in Custis, and Tokash has no right to bring it. See United States v. Daly, No. 93-50439, 1994 WL 280283 at * 1 (9th Cir. June 27, 1994) (no right to bring collateral attack based on ineffective assistance of counsel).
 
 
 8
 Since Tokash may not attack his four 1982 robbery convictions, his challenge to the 1969 burglary conviction is moot: the ACCA requires only three prior convictions for violent felonies. And for purposes of the ACCA, it does not matter that the 1982 charges were consolidated for trial and sentencing: the ACCA requires only that the felonies be committed "on occasions different from one another." United States v. Thornton, 23 F.3d 1532, 1534 (9th Cir.1994); United States v. Lewis, 991 F.2d 524, 525-26 (9th Cir.), cert. denied, 114 S.Ct. 216 (1993); United States v. Maxey, 989 F.2d 303, 305-08 (9th Cir.1993). Tokash does not dispute on appeal that his challenge to the 1969 conviction is moot if the panel resolves the issue of the 1982 convictions against him. Indeed, at the sentencing hearing Tokash's attorney made this point explicitly.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Tokash was a suspect in a fifth robbery, for which he was also convicted in 1982