97 F.3d 1461
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Thanh Huu BUI, aka: Tony Bui, Defendant-Appellant.
 No. 95-56559.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 10, 1996.*
Decided Sept. 13, 1996.
 
 Before: FLETCHER, BRUNETTI and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Thanh Huu Bui appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion to vacate his conviction and sentence for possession of 50.5 grams of cocaine base with intent to distribute. We affirm.
 
 
 3
 We review the denial of Bui's § 2255 motion de novo. United States v. Angelone, 894 F.2d 1129, 1130 (9th Cir.1990). However, we review any factual findings the district court made in deciding the motion for clear error. Doganiere v. United States, 914 F.2d 165, 167 (9th Cir.1990), cert. denied, 499 U.S. 940 (1991).
 
 
 4
 * In order to prevail on his sentencing entrapment claim, Bui must demonstrate that he had neither the intent nor the resources for possessing 50.5 grams of cocaine base with intent to distribute. United States v. Naranjo, 52 F.3d 245, 250 (9th Cir.1995). The district court found that Bui made three sales of rock cocaine to the undercover ATF agent and delivered a greater amount of the narcotic each time. For the last sale, Bui offered to sell five ounces of rock cocaine but delivered only two ounces when the agent arrived to complete the transaction. The district court sentenced Bui based on the two ounces that Bui possessed and was prepared to sell at the time of his arrest. The district court's factual findings are not clearly erroneous. Thus, the evidence belies Bui's sentencing entrapment theory.
 
 II
 
 5
 Bui urges that we vacate his conviction because the government repeatedly pressured and induced him to sell rock cocaine when he was otherwise not predisposed to do so. Because Bui's conviction is based on his guilty plea, our inquiry is limited to whether the underlying plea was both counseled and voluntary. United States v. Broce, 488 U.S. 563, 569 (1989). Our review of the record reveals that both elements were satisfied. Thus, Bui's guilty plea forecloses his collateral attack on his conviction. Id.; see also Marrow v. United States, 772 F.2d 525, 527 (9th Cir.1985) ("[o]nce a defendant pleads guilty he cannot raise independent claims of deprivation of constitutional rights that occurred prior to the entry of the guilty plea.")
 
 III
 
 6
 We reject Bui's ineffective assistance of counsel claim because Bui's allegations establish no more than his counsel's failure or refusal to raise frivolous legal arguments. Shah v. United States, 878 F.2d 1156, 1162 (9th Cir.), cert. denied, 493 U.S. 869 (1989). Bui fails to establish that his counsel's performance fell below an objective standard of reasonableness or that any defective performance so prejudiced Bui as to deny him a fair trial. Strickland v. Washington, 466 U.S. 668, 687-90 (1984).
 
 IV
 
 7
 Bui contends that the district court erred in failing to depart downward from the mandatory ten-year sentence prescribed by 21 U.S.C. § 841(b)(1)(A). This contention is without merit. In the absence of a motion by the government, the district court lacked authority to depart downward from the statutory mandatory minimum sentence. United States v. Arnold, 981 F.2d 1121, 1122 (9th Cir.1992), cert. denied, 507 U.S. 1056 (1993).
 
 V
 
 8
 Bui further argues that the government committed misconduct in failing to move for a downward departure pursuant to 18 U.S.C. § 3553(e) and Sentencing Guideline § 5K1.1. Bui does not, however, allege that an unconstitutional motive formed the basis for the government's refusal to file a substantial-assistance motion. Thus, Bui's mere claim that he provided substantial assistance does not entitle him to any remedy. Wade v. United States, 504 U.S. 181, 185-86 (1992).
 
 VI
 
 9
 Bui's next contention is that the Violent Crime Control and Law Enforcement Act of 1994 dictates use of the Sentencing Guidelines instead of the mandatory minimum sentence because Bui meets the requirements set forth in 18 U.S.C. § 3553(f). This argument fails because the Act bars retroactive application to Bui, who was sentenced in 1993. See Pub.L. No. 103-322 § 80001(c), 108 Stat. 1796 (1994).
 
 VII
 
 10
 Finally, Bui argues that the disparity between his sentence and the lower sentence of a similarly situated defendant in a related case violates Bui's right to equal protection. The district court, however, properly concluded that it lacked the authority to depart downward from the mandatory minimum sentence for the purpose of avoiding unequal treatment of Bui and a different defendant in a related case. Cf. United States v. Mejia, 953 F.2d 461, 468 (9th Cir.1991) (district court may not depart downward from sentencing guidelines in order to avoid unequal treatment of codefendants), cert. denied, 504 U.S. 926 (1992).
 
 
 11
 Because Bui fails to raise any valid ground for setting aside his conviction or sentence, we affirm the denial of his § 2255 motion.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3