UNITED STATES of America,
Plaintiff—Appellee,

v.

Antoine Mateur JEAN, Defendant—
Appellant.

No. 03–10044.

D.C. No. CR–02–00356–LDG/LRL.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 6, 2003.

Decided Nov. 20, 2003.

J. Gregory Damm, AUSA, Camille Damm, Esq., USLV–Office of the U.S. Attorney, Las Vegas, NV, for Plaintiff–Appellee.

John C. Lambrose, Esq., Jason F. Carr, Office of the Federal Public Defender, Las Vegas, NV, for Defendant–Appellant.

Before FARRIS, TROTT, Circuit Judges, and WEINER,* Senior District Judge.

## MEMORANDUM **

The district court did not err when it determined that defendant's criminal activity on December 26, 1992 constituted two qualifying convictions for the purpose of imposing a sentencing enhancement under the Armed Career Criminal Act, 18 U.S.C. § 922(g)(1).[1] The district court's factual findings, supporting its conclusion that the assault of victim Morgan, and the subsequent burglary, robbery and battery of victim Chateloin constituted crimes "com-

---

* Hon. Charles R. Weiner, Senior District Judge for Eastern Pennsylvania sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. "In the case of a person who violates section 922(g) of this title and has three previous

convictions by any court referred to in section 922(g)(1) of this title for a violent felony or serious drug offense, or both, *committed on occasions different from one another,* such person shall be fined under this title and imprisoned not less than fifteen years...." 18 U.S.C. § 924(e)(1) (emphasis added).

mitted on occasions different from one another," were not clearly erroneous; its application of our holding in *United States v. Phillips*, 149 F.3d 1026 (9th Cir.1998) to those facts was not error. Accordingly, we affirm.

Jean does not dispute that his 1989 battery conviction was a qualifying violent felony conviction for ACCA purposes. On December 26, 1992, Jean assaulted victim Morgan with a knife, slightly cutting her forearm. Victim Chateloin, who was in a neighboring apartment, came to Morgan's aid. The two women fled into Chateloin's apartment. Jean then forced himself into that apartment (constituting the burglary offense), stabbed Chateloin in the hand and thigh (constituting the battery offense) and stole Chateloin's telephone (constituting the robbery offense). The district court found that, while the amount of time between the Morgan assault and the Chateloin burglary may have been brief, sufficient time had lapsed to give Jean the opportunity to stop and not engage in further criminal acts. That he ignored this opportunity and engaged in the offenses against Chateloin, led the district court to conclude that two distinct criminal episodes occurred for purposes of the ACCA.

"We have developed a standard for determining when offenses should be considered 'committed on occasions different from one another.'" *Phillips*, 149 F.3d at 1031. "The rule [is that] offenses that are temporally distinct constitute separate predicate offenses, even if committed within hours of each other, similar in nature, and consolidated for trial or sentencing." *Id.* (quoting *United States v. Maxey*, 989 F.2d 303, 306 (9th Cir.1993)). Offenses will be held to be "temporally distinct" when they occur at different times, in different locations, and involve different victims. *Phillips*, at 1031 (citing *United States v. Antonie*, 953 F.2d 496, 498 (9th Cir.1991)); *cf. United States v. McElyea*, 158 F.3d

1016 (9th Cir.1998) (where defendant pled guilty to two burglary counts, but the record contained no information regarding the amount of time defendant spent in each of the two stores burgled, or whether he stayed in one while his accomplice entered the second, burglaries could not be considered separate and distinct criminal episodes).

We agree with the district court that Jean's activities on December 26, 1992, constituted two occasions of criminal behavior since they were temporally distinct. They occurred in separate locations, the two apartments, involved two different victims, and, while the time between episodes was unquestionably brief, they were clearly distinct in time. In order to perpetrate the crimes against Chateloin, Jean had to exit the first apartment, and forcibly enter the second. The two women's flight from the first apartment ended the first criminal episode; Jean's attempt to pursue them into the second apartment where they had sought refuge, began a second.

AFFIRMED.