**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Robert J. TASHBOOK, Defendant—Appellant.**

No. 02–10569.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 11, 2005.

Decided Aug. 2, 2005.

Kevin V. Ryan, Shawna Yen, Esq., USSJ—Office of the U.S. Attorney, San Jose, CA, for Plaintiff–Appellee.

George C. Boisseau, Esq., Santa Rosa, CA, for Defendant–Appellant.

Before: LAY,* B. FLETCHER, and HAWKINS, Circuit Judges.

## MEMORANDUM **

Appellant Robert Jay Tashbook challenges his conviction and sentence resulting from various charges of attempted and actual unlawful sexual conduct with minors. Specifically, Tashbook was charged with various violations of 18 U.S.C. §§ 2422(b), 2423(a), 2251(a), and

---

\* The Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

2252(a)(2). We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm the convictions and the sentence.

## I.

Because the parties are familiar with the factual background of the crimes Tashbook committed, we need not recite them in detail here. After a nine-day trial, Tashbook was convicted on 11 counts. The court then dismissed count 5, leaving 10 counts for sentencing. In a long, detailed, and thoughtful sentencing hearing, the court imposed a total sentence of 60 years. The court imposed a 30–year mandatory minimum sentence for both counts 3 and 4, to run concurrently to each other; a mandatory minimum 30–year sentence for both counts 8 and 9, to run concurrently to each other, but consecutively to counts 3 and 4. The remaining counts were given 15–year sentences, to run concurrent to various portions of the 30–year sentences. Thus each segment of the sentence was supported by a statutory minimum sentence. The sentence is intentionally redundant, and the judge commented on the record that this was for the purpose of ensuring that Mr. Tashbook receive a 60–year sentence even if any particular portion of the conviction or sentence were to be reversed on appeal.

## II.

■ Defendant first argues that Counts 8 and 9 [1] should be dismissed because his contacts and conduct with Theresa occurred entirely within the state of California, and therefore the statute is an impermissible act of Congress under the Commerce Clause *as applied to him.* The constitutionality of a statute is a question of law reviewed de novo. *United States v. McCoy,* 323 F.3d 1114, 1117 (9th Cir.2003).

In support of his argument, Tashbook cites our opinions in *McCoy, supra,* and *United States v. Stewart,* 348 F.3d 1132 (9th Cir.2003), *rev'd by* — U.S. ——, 125 S.Ct. 2899, —— L.Ed.2d —— (2005). However, the present case is both legally and factually distinguishable from these cases.[2] First, the statute involved here, 18 U.S.C. § 2251(a), can be distinguished from that in *McCoy,* namely 18 U.S.C. § 2252(a)(4)(B). Section 2251(a) involves *inter alia* the enticement or inducement of minors to engage in sexually explicit conduct for the purposes of producing a visual depiction of that conduct, rather than the "mere intrastate possession" of visual depictions involved in *McCoy.* In general, production of a visual depiction is far more likely to be "economic" in nature than

---

**1.** Counts 8 and 9 charge Tashbook with violations of 18 U.S.C. § 2251(a), which states in relevant part that "[a]ny person who employs, uses, persuades, induces, entices, or coerces any minor to engage in ... any sexually explicit conduct for the purpose of producing any visual depiction of such conduct, shall be punished as provided under subsection (e), ... if that visual depiction was produced using materials that have been mailed, shipped, or transported in interstate or foreign commerce by any means, including by computer...."

**2.** There is also a serious question as to whether as applied challenges to the constitutionality of statutes brought under the Commerce

Clause are still valid after the Supreme Court's recent decision in *Gonzales v. Raich,* — U.S. ——, 125 S.Ct. 2195, —— L.Ed.2d —— (2005) (rejecting as applied commerce clause challenge to controlled substances statutes where drug activity was completely intrastate). We also note that soon after *Raich* was decided, the Supreme Court vacated our decision in *Stewart* and remanded for our consideration in light of *Raich. See United States v. Stewart,* — U.S. ——, 125 S.Ct. 2899, —— L.Ed.2d —— (2005). Because we determine that this case is distinguishable from these cases, we need not address any effect *Raich* may have on the current case.

"mere possession." There is also a much more significant nexus between production of visual depictions and the interstate market for child pornography—any production, even if for personal use, impacts the market. *See Wickard v. Filburn,* 317 U.S. 111, 128, 63 S.Ct. 82, 87 L.Ed. 122 (1942); *see also United States v. Adams,* 343 F.3d 1024, 1032–33 (9th Cir.2003).

This case is also factually distinguishable from *McCoy.* As the government points out, Tashbook posted advertisements for his "Tyler Productions" scheme on the internet. When Theresa responded, they communicated by email and telephone, both interstate instrumentalities of commerce. He then rented a hotel room for Theresa, where he took the photographs that are the subject of Counts 8 and 9. The record also reflects that Tashbook pursued other potential victims in other states; he certainly did not limit himself to an intrastate search for victims.

In sum, we reject Tashbook's as applied Commerce Clause challenge and affirm the convictions under § 2251(a) that relate to Theresa.

### III.

■ Tashbook next argues that the district court abused its discretion in denying him a trial continuance. In order to show reversible error for failure to grant a continuance, a defendant must show that the denial prejudiced his defense. *United States v. Gonzalez–Rincon,* 36 F.3d 859, 865 (9th Cir.1994). He must also set forth the substance of the testimony that would have been proffered if more time had been afforded. *Id.* A trial court only abuses its discretion if denial of the continuance was "arbitrary or unreasonable." *United*

*States v. Wills,* 88 F.3d 704, 711 (9th Cir. 1996) (internal citation omitted).

Tashbook argues that the denial of a continuance prejudiced his defense because he was unable to present evidence that Stephany represented in emails that she was 18 years old *to other people,* and that this would have been circumstantial evidence that she might have represented herself as 18 to Tashbook. Yet Tashbook has not produced any evidence that such emails existed. Even after the trial had concluded and this case was on appeal, when adequate time to investigate has presumably passed, appellant does not point to any evidence in the record that Theresa ever made such representations.[3] We find no abuse of discretion in the district court's denial of a trial continuance.

### IV.

■ Tashbook argues that Counts 3 and 4 and Counts 8 and 9 are multiplicitous. Each pair of counts is predicated on a pair of photographs: Counts 3 and 4 are two photographs Stephany took of herself in mock masturbation; Counts 8 and 9 are two photographs Tashbook took of Theresa in a hotel room. Tashbook argues that because each pair of photographs was taken during a single "exploitation" of a minor, i.e. a single photo shoot, each pair should have been charged under a single count.

A district court's determination of whether counts in an indictment are multiplicitous is reviewed de novo. *United States v. Vargas–Castillo,* 329 F.3d 715, 718–19 (9th Cir.2003). The Tenth Circuit has held that each photograph constitutes a separate crime under § 1151(a) because the text of the statute indicates that each

---

**3.** We also conclude that the outcome would not change were we to apply the *"Flynt"* factors. *See United States v. Mejia,* 69 F.3d

309, 314 (9th Cir.1995) (citing *United States v. Flynt,* 756 F.2d 1352, 1359 (9th Cir.1985)).

"use" of a minor to create "any visual depiction" of sexually explicit conduct constitutes a separate violation. *United States v. Esch*, 832 F.2d 531, 541–42 (10th Cir.1987). We agree, and affirm the convictions on Counts 3 and 4, and 8 and 9.

## V.

■ Tashbook argues that the district court improperly admitted, over objection under Federal Rule of Evidence 403, evidence of Tashbook's sexual acts perpetrated on Theresa in the hotel room, and that such admission denied him a fair trial. A district court's decision to admit evidence is reviewed for abuse of discretion. *United States v. Bennett*, 363 F.3d 947, 952 (9th Cir.2004). Convictions predicated on erroneous evidentiary rulings will be reversed for abuse of discretion only if such error more likely than not affected the verdict. *United States v. Pang*, 362 F.3d 1187 (9th Cir.2004).

The district court reasoned that Theresa's testimony regarding Tashbook's conduct was "inextricably intertwined" with the offense conduct. Specifically, the court found that the non-consensual nature of Tashbook's conduct toward Theresa was probative of his intent to coerce her to engage in sexually explicit conduct for purposes of taking the photographs he took, and that the conduct was not highly prejudicial so long as the prosecution did not refer to it as "rape" or "sexual assault," but rather as "non-consensual sex." We agree. We conclude that Tashbook's sex acts and the manner in which they were committed are highly probative of his coercive sexual intent. Any prejudice arising from the admission of this evidence does not substantially outweigh its probative value.

## VI.

Tashbook next challenges the sufficiency of the evidence on nine counts. A district court's denial of a motion to dismiss for insufficiency of the evidence is reviewed de novo. *United States v. Carranza*, 289 F.3d 634, 641–42 (9th Cir.2002). There is sufficient evidence to support a conviction if, "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* (citing *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)).

Under this standard, we conclude that sufficient evidence was presented to the jury on each of the challenged counts.

## VII.

Tashbook next challenges § 2422 and § 2252(a)(2) on their face as being vague and overbroad. These issues have already been decided and the constitutionality of the statutes upheld in *United States v. Dhingra*, 371 F.3d 557, 561–63 (9th Cir. 2004) (§ 2422), *United States v. Meek*, 366 F.3d 705, 717, 721 (9th Cir.2004) (same), and *United States v. Adams*, 343 F.3d 1024, 1035–36 (9th Cir.2003) (§ 2254(a)(4)(B)). Tashbook would like us to "reconsider" those cases, but that is something we cannot do. "[I]n the absence of intervening Supreme Court precedent, one panel cannot overturn another panel." *Koerner v. Grigas*, 328 F.3d 1039, 1050 (9th Cir.2003) (quotation marks omitted).

## VIII.

■ Tashbook argues that the sentences for Counts 3, 4, 8, and 9 should have been 15–year mandatory sentences based on *one* prior like conviction rather than 30–year mandatory sentences based on *two* prior like convictions. Specifically, Tashbook argues that his "two" convictions

were entered pursuant to a single plea agreement, were treated as "related cases," and should only count as one prior conviction.

We have long held that multiple-count convictions arising from separate criminal episodes are treated as separate predicate convictions for purposes of enhancement of sentences, even if the prior offenses were disposed of in a single judicial proceeding. *United States v. Liqouri,* 5 F.3d 435, 437–38 (9th Cir.1993) (holding that drug offenses committed weeks apart but sentenced concurrently counted as two distinct "criminal episodes" and therefore two separate prior convictions); *United States v. Maxey,* 989 F.2d 303, 306 (9th Cir.1993) (holding that drug offenses committed at distinct different times are separate predicate offenses for purposes of Armed Career Criminal Act); *see also, United States v. Randolph,* 364 F.3d 118, 123 (3d Cir. 2004) (holding that convictions from separate criminal episodes are counted as separate convictions under 18 U.S.C. § 2251(d)).

We see no reason to treat Tashbook's prior convictions, which were based on two distinct sets of conduct in two different states and which targeted two different victims, as anything less than two prior convictions.

### IX.

Tashbook next challenges the district court's application of a vulnerable victim enhancement pursuant to United States Sentencing Guideline § 3A1.1(b), which allows for a 2–level enhancement if the defendant "knew or should have known that a victim of the offense was a vulnerable victim." We need not reach this issue, as we have affirmed Tashbook's 30–year minimum sentence under 18 U.S.C. § 2251(d), which is far above the guideline range resulting from the enhancement.

### X.

Tashbook argues that there should have been an "attempt" downward departure on counts 10, 11, and 12. We conclude that no downward departure was warranted. Guideline § 2X1.1 only applies if the statute does not specifically prohibit attempts and where such violation of statute is covered by a specific guideline. Here, the statute prohibits attempts. The offense is completely covered by Guideline § 2G1.1.

### XI.

█ Tashbook argues that the offense level for Count 6 was improperly calculated. Count 6 alleged a violation of 18 U.S.C. § 2252(a)(2) for the *receipt* of child pornography *from* Stephany, namely the photographs she took of herself, while nearly all of the adjustments relate to materials *he sent to her.* Tashbook argues that his sending materials to her is not specific to the offense for which he was convicted, especially considering that much of the conduct originally related to Count 7, which was voluntarily dismissed by the government. This argument is precluded by the Supreme Court's decision in *United States v. Watts,* 519 U.S. 148, 157, 117 S.Ct. 633, 136 L.Ed.2d 554 (1997) (holding that acquittal on one count does not preclude consideration of the facts underlying that count for purposes of enhancing a sentence imposed upon conviction on related counts). However, even if we were to agree with Tashbook that the sentence on this count was improperly enhanced, any error is harmless in light of the redundancies in the district court's sentence and our decision to uphold the consecutive 30–year mandatory minimum sentences imposed under § 2251(d).

### XII.

█ Finally, we consider whether a limited remand should be considered under

*United States v. Ameline,* 409 F.3d 1073 (9th Cir.2005) (en banc). Given the intentionally redundant nature of the sentence imposed by the district court, each segment of which was supported by a mandatory minimum sentence, as well as the district judge's extensive and explicit comments that he intended the sentence to be 60 years as opposed to a life sentence, we conclude that there is no likelihood that the district court would have imposed a materially different sentence had the Guidelines been advisory rather than mandatory at the time of sentencing. *See Ameline,* 409 F.3d at 1084.

AFFIRMED.