**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 22-2786

_____

UNITED STATES OF AMERICA

v.

LUIS PEREZ RODRIGUEZ,
also known as Luntiph,

Appellant

_____

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(District Court No. 5-20-cr-00328-001)
District Judge: Honorable Joshua D. Wolson

_____

Submitted under Third Circuit L.A.R. 34.1(a)
November 14, 2024

Before: RESTREPO, MONTGOMERY-REEVES, and AMBRO, *Circuit Judges*

(Opinion filed November 26, 2024)

AMBRO, *Circuit Judge*

Luis Perez Rodriguez appeals his 120-year sentence for eight child-pornography counts. Because the District Court committed no error, we affirm.

## I.    Background

Perez was indicted on four counts of manufacturing and four counts of distributing child pornography. Between April 23 and 30, 2020, he produced three explicit images and one explicit video of minors in his care, ages three and ten, and distributed them in an online chat room. Perez confessed to this conduct, and he pleaded guilty to all counts in December 2021.

The U.S. Probation Office calculated a Sentencing Guidelines Base Offense Level of 32. It applied additional enhancements for specific offense characteristics, like the ages of the victims, their relationship to Perez, and the content of the videos, as well as the repeat nature of the offenses. After applying a three-level reduction for accepting responsibility, the Probation Office calculated a Total Offense Level of 52 and a Criminal History Category of I. Because the maximum Total Offense Level under the Guidelines is 43, Perez's offense level was functionally 43.

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

A Total Offense Level of 43 and Criminal History Category of I come with a recommended prison term of life. But because the Guidelines cannot recommend a sentence higher than the statutory maximum penalties for the underlying crimes, Perez's Guidelines term of imprisonment was 2,400 months (200 years)—the statutory maximum on each count, run consecutively.

The District Court held a sentencing hearing for Perez in September 2022. Neither party objected to the presentencing report. The District Court considered all statements and mitigating evidence offered and thoroughly discussed the mitigating factors under 18 U.S.C. § 3553(a). It ultimately imposed a sentence of 120 years: four consecutive sentences of 30 years for manufacturing the pictures and video and four sentences of 20 years for distributing them, to run concurrently with the manufacturing sentences. Perez raised no procedural or substantive objections to the hearing or sentence, and he timely appealed.

## II.    Discussion

Perez raises three issues on appeal. First, he argues that the District Court violated his Sixth Amendment right to a jury trial by considering the repeat nature of his offenses at sentencing without submitting the issue to the jury. In Perez's view, whether he is a repeat offender is a "fact that increases the mandatory minimum" sentence, and so it "must be submitted to a jury or admitted by the defendant," as required by *Alleyne v. United States*, 570 U.S. 99, 102 (2013). Appellant's Br. 4. Second, he contends that his 120-year sentence is substantively unreasonable because he is a first-time offender with no criminal history. And third, he claims that his consecutive sentences violate the Double

3

Jeopardy Clause because they "concern the same electronic device or medium" and thus "require[] one punishment." Appellant's Br. 7.

We review objections that were not preserved at sentencing for plain error. *United States v. Couch*, 291 F.3d 251, 252–53 (3d Cir. 2002). We review the substantive reasonableness of a sentence for abuse of discretion. *United States v. Wise*, 515 F.3d 207, 217–18 (3d Cir. 2008). We afford a district court's sentencing determination "great deference" because "the sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility." *United States v. Bennett*, 161 F.3d 171, 196 (3d Cir. 1998) (quoting U.S.S.G. § 3E1.1 cmt. (n.5)). We will thus affirm the substantive reasonableness of a sentence "unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided." *United States v. Tomko*, 562 F.3d 558, 568 (3d Cir. 2009) (en banc). The party challenging the sentence bears the burden of showing that his sentence was unreasonable. *United States v. Cooper*, 437 F.3d 324, 332 (3d Cir. 2006).

A.    **The District Court Did Not Violate Perez's Sixth Amendment Right to a Jury Trial.**

Perez first argues that the District Court violated his Sixth Amendment right to a jury trial by considering the repeat nature of his conduct at sentencing. According to Perez, whether he was a repeat offender is a factual issue that affects his sentence, so it must be decided by a jury under the Supreme Court's decision in *Alleyne*. This argument misunderstands *Alleyne*, which held only that a "fact that increases [a] mandatory minimum [sentence] is an element [of the underlying crime] that must be submitted to the jury" and

4

proved beyond a reasonable doubt. 570 U.S. at 103 (internal quotation marks omitted). But whether Perez was a repeat offender affected only his recommended sentence under the Guidelines, not his mandatory minimum sentence.

Perez may instead have meant to invoke the Supreme Court's related decision in *Apprendi v. New Jersey*, which held that a "fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. 466, 490 (2000). But that argument fails, too, because Perez does not claim that the District Court's finding that he was a repeat offender increased his sentence beyond the statutory maximum, either. Nor could he—the statutory maximum for his offenses is 200 years, yet he was sentenced to 120.

The fundamental problem with Perez's Sixth Amendment argument is that it mistakes a fact that affects the statutory minimum or maximum sentence to which he is exposed with a fact that affects his recommended sentence under the Guidelines.[1] *Apprendi* is concerned with the former; Perez presents us with the latter. *See United States v. Womack*, 55 F.4th 219, 241 (3d Cir. 2022) ("[S]ince [the defendant] does not argue that the sentence imposed here exceeded the statutory maximum for [his] conviction, any claim of an *Apprendi* violation is without merit.").

---

[1]  Because Perez's Total Offense Level was 52, the District Court's decision to apply the five-level enhancement did not affect his recommended sentence. Either way, it would have been above the maximum Total Offense Level of 43. Perez concedes as much and recognizes that even if he were right, any error would be harmless. Reply Br. 3 ("[T]here are multiple enhancements that do not apply and if Appellant Perez was to challenge those enhancements, the total Guideline calculations would rest at level 43 from level 52. Therefore, Appellant Perez is aware that such a challenge may direct this Honorable Panel to hold such a claim to be of 'harmless error' nature.").

**B.      The District Court Did Not Abuse Its Discretion in Sentencing Perez to 120 Years' Imprisonment.**

Perez next argues that his sentence was substantively unreasonable because he "has no criminal history, he accepted the charges before him, and he showed remorse" for his crimes. Appellant's Br. 6. We may overturn the District Court's sentencing decision only for abuse of discretion; it is not enough that we may have imposed a different sentence in the first instance. We will not reverse a sentence as substantively unreasonable unless "no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided." *Tomko*, 562 F.3d at 568.

Perez points to several mitigating factors, which he believes the District Court should have weighed more heavily. But "a district court's failure to give mitigating factors the weight a defendant contends they deserve [does not] render[] the sentence unreasonable." *United States v. Bungar*, 478 F.3d 540, 546 (3d Cir. 2007). Even if we would have made a different sentencing decision in the first instance, we cannot hold, based on the record before us, that no reasonable sentencing court would have sentenced Perez to a within-Guidelines penalty of 120 years' imprisonment.

**C.      Perez's Consecutive Sentences Do Not Violate the Double Jeopardy Clause.**

Lastly, Perez argues that because his crimes all involved one device that manufactured the three images and one video, it "requires one punishment." Appellant's Br. 7. He also challenges the District Court's general authority to impose consecutive sentences. Both arguments are wrong.

6

"The Double Jeopardy Clause is not implicated when multiple separate violations of the same provision are charged in multiple counts." *United States v. Snyder*, 189 F.3d 640, 647 (7th Cir. 1999); *accord United States v. Rigas*, 605 F.3d 194, 205 (3d Cir. 2010) (en banc). Perez violated 18 U.S.C. § 2551 each time he manufactured an image in violation of the law. Circuits around the country routinely hold that a defendant violates the statute each time he uses a child to produce an image or video. *See United States v. Tashbook,* 144 F. App'x 610, 614–15 (9th Cir. 2005) (concluding that two photographs of a minor, taken during the same photo shoot, can be grounds for two separate offenses under 18 U.S.C. § 2251(a)); *United States v. Smith*, 919 F.3d 1, 16 (1st Cir. 2019) (holding that six separate videos over the course of an hour can be grounds for six separate counts under 18 U.S.C. § 2251(a)). The District Court did not err by sentencing Perez to four consecutive sentences for his four distinct violations of the manufacturing statute.

Perez is also wrong that the District Court lacks authority to impose consecutive sentences. Except in circumstances of attempt crimes not relevant here, terms of imprisonment "may run concurrently or consecutively." 18 U.S.C. § 3584(a). And though a court must weigh the § 3553(a) factors "as to each offense" in deciding to impose concurrent or consecutive sentences, 18 U.S.C. § 3584(b), the District Court did so here.

\*　　\*　　\*

Perez's sentence may be harsh, but it is not unlawful. The District Court committed no error, so we affirm.