

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-7-2004

# USA v. Randolph

Precedential or Non-Precedential: Precedential

Docket No. 03-1620

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"USA v. Randolph" (2004). *2004 Decisions.* Paper 751.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/751

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**PRECEDENTIAL**

UNITED STATES COURT OF
APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 03-1620, 03-1810
_____

UNITED STATES OF AMERICA,
*Appellant in 03-1810*

v.

WILLIAM H. RANDOLPH,
*Appellant in 03-1620*

_____

Appeal from the United States District
Court for the
Western District of Pennsylvania
(D.C. Cr. No. 01-235)
District Judge: Honorable William L.
Standish
_____

Argued January 9, 2004 in 03-1810
Submitted January 9, 2004 in 03-1620

Before: BARRY and SMITH, *Circuit
Judges*, and POLLAK, *District Judge**

(Filed: April 7, 2004)
_____

_____

* The Honorable Louis H. Pollak,
Senior District Judge for the Eastern
District of Pennsylvania, sitting by
designation.

Karen S. Gerlach (argued)
Office of Federal Public Defender
1001 Liberty Avenue
1450 Liberty Center
Pittsburgh, PA 15222

*Attorney for Appellant* in 03-1620

Bonnie R. Schlueter
Paul M. Thompson (argued)
Office of United States Attorney
700 Grant Street
Suite 400
Pittsburgh, PA 15219

*Attorneys for Appellant* 03-1810
_____

**OPINION OF THE COURT**
_____

POLLAK, *District Judge*.

William H. Randolph appeals
from a judgment of conviction for sexual
exploitation of children under 18 U.S.C.
§ 2251(a). Randolph contends that the
sexual exploitation statute, 18 U.S.C. §
2251(a), is unconstitutional on its face
and as applied to him.[1] We disagree, and

_____

[1] Randolph was indicted under two
statutes, 18 U.S.C. §§ 2251(a) and
2252(a)(4)(B), and moved to dismiss the
indictment on the ground that both
statutes are unconstitutional. After the
motion was denied, Randolph pled guilty
to two counts under § 2251(a), reserving
his right to challenge the denial of the
motion to dismiss, and the government
dismissed the count under

we therefore affirm the judgment of conviction.

Randolph also appeals from the imposition of an enhanced prison sentence – a fifteen-year minimum sentence plus eight months for a total of 188 months – imposed pursuant to 18 U.S.C. § 2251(d). Section 2251(d) mandates a ten-year minimum sentence for individuals convicted of sexual exploitation under section 2251(a), with enhancement to a fifteen-year minimum for any violator of section 2251(a) previously convicted under a state law "relating to the sexual exploitation of children," and enhancement to a thirty-year minimum for one with two or more such prior convictions. Randolph had previously pled guilty in a Georgia court to three counts of child molestation, and the District Court treated that guilty plea to three consolidated counts as one prior child molestation conviction, thus

requiring a sentence of at least fifteen years. Randolph contends that child molestation is not "sexual exploitation of children" within the meaning of section 2251(a). We reject that contention. Further, we agree with the government, which has likewise appealed from the sentence, that the three Georgia child molestation counts, although aggregated in one indictment, constitute three prior sexual exploitation convictions, thereby mandating a thirty-year minimum sentence. Accordingly, on remand, it will be necessary for the District Court to re-sentence Randolph.

## I.

On September 28, 2000, state and federal officials executed a search warrant at Randolph's residence. The search produced sexually explicit photographs of an eleven-year-old girl and a homemade videotape of Randolph engaging in sexually explicit conduct with a seven-year-old girl. Both girls were identified as granddaughters of Randolph's next-door neighbor. Randolph was arrested, and on October 5, 2001, a federal grand jury returned an indictment against him on two counts of sexual exploitation of children, 18 U.S.C. § 2251(a), and one count of possession of child pornography, 18 U.S.C. § 2252(a)(4)(B). Randolph moved to dismiss the indictment for lack of jurisdiction, contending that sections 2251(a) and 2252(a)(4)(B) represent unconstitutional exercises of Congress's authority under the Commerce Clause.

---

§ 2252(a)(4)(B). In his brief on appeal, Randolph not only maintains his challenge to the constitutionality of § 2251(a) but renews his challenge to the constitutionality of § 2252(a)(4)(B). But since he did not plead guilty to a count under § 2252(a)(4)(B), Randolph is not in a position to challenge the constitutionality of that statute. In any event, it is a matter of no consequence in the present case, for, as will be demonstrated *infra*, we have previously held that both § 2251(a) and § 2252(a)(4)(B) are constitutional.

2

On September 10, 2002, the District Court denied Randolph's motion to dismiss. Subsequently, on September 26, 2002, Randolph entered a conditional guilty plea to the sexual exploitation charges, reserving his right to appeal the denial of his motion to dismiss.

Randolph had a history of criminal sexual acts involving children. Of particular relevance to this appeal, Randolph pled guilty in 1978 to three counts of child molestation in violation of Georgia law. Each count involved a different victim under fourteen years of age. According to Randolph's presentence report, between January 1 and August 9, 1977, Randolph exposed his male sex organ in the presence of one victim and placed his hand and finger upon and near her female sex organ; caused the second victim to expose her breast and upper torso; and caused the third victim to expose her female sex organ and lower body. Randolph was sentenced to five years' probation.[2]

Section 2251(d) imposes progressively harsher penalties for violations of section 2251 depending on the defendant's criminal record. For first-time offenders, section 2251(d) prescribes a minimum sentence of ten years. For those with "one prior conviction under this chapter . . . or under the laws of any State relating to the sexual exploitation of children," the minimum sentence is fifteen years. For offenders with "2 or more prior convictions" of this nature, the minimum is thirty years.[3]

Relying on Randolph's 1978 Georgia guilty plea, the presentence report stated that Randolph had one prior conviction relating to the sexual exploitation of children, subjecting him to a minimum sentence of fifteen years in prison. Both parties objected. Randolph claimed he had no such prior conviction, arguing that the crime of child molestation for which he was convicted in 1978 did not "relat[e] to the sexual exploitation of children" as envisioned

---

[2] Randolph also entered a guilty plea in 1989 to two counts of indecent assault and two counts of corruption of minors in violation of Pennsylvania law. In 1995 he pled guilty to harassment after being charged with indecent assault on a female whose age is not apparent from the record. It appears from the record that these prior convictions did not factor into the District Court's determination of the appropriate sentence enhancement under 18 U.S.C. § 2251(d).

[3] The PROTECT Act, signed into law on April 30, 2003, amended the penalty provisions of section 2251(d) by creating a new section 2251(e). As section 2251(e) applies only to crimes committed after April 30, 2003, and the offenses that are the subject of this appeal took place no later than 2000, it is not section 2251(e) but the pre-PROTECT Act version of section 2251(d) that governs Randolph's sentence.

by section 2251(d). The government argued that Randolph had "2 or more" such prior convictions, contending (1) that the three counts of child molestation to which Randolph pled guilty in 1978 constituted three prior "sexual exploitation" convictions, and (2) that one of the two counts of sexual exploitation to which Randolph pled guilty in the present case represented a "prior conviction."

The District Court rejected both parties' objections and adopted the presentence report's conclusion that Randolph had one prior conviction for purposes of section 2251(d), meriting a mandatory minimum of fifteen years. Based on Randolph's total offense level and criminal history category, the presentence report had calculated Randolph's applicable guideline sentencing range to be 151 to 188 months in prison. Taking into account what the District Court, in agreement with the presentence report, deemed to be the statutory minimum sentence of fifteen years (180 months), Randolph's sentencing range was 180 to 188 months. The District Court sentenced Randolph to 188 months (fifteen years and eight months) in prison, to be followed by five years of supervised release. Randolph timely appealed his judgment of conviction, and both parties appealed the District Court's imposition of the fifteen-year minimum.

We apply a plenary standard of review to issues of statutory interpretation, *United States v. Sanders*, 165 F.3d 248, 250 (3d Cir. 1999), and to questions regarding a statute's constitutionality. *United States v. Rodia*, 194 F.3d 465, 469 (3d Cir. 1999).

## II.

Randolph contends first that 18 U.S.C § 2251(a) is unconstitutional on its face and as applied to him in this case. Section 2251(a) provides in relevant part:

> Any person who employs, uses, persuades, induces, entices, or coerces any minor to engage in, . . . any sexually explicit conduct for the purpose of producing any visual depiction of such conduct, shall be punished as provided under subsection (d), if such person knows or has reason to know that such visual depiction will be transported in interstate or foreign commerce or mailed, if that visual depiction was produced using materials that have been mailed, shipped, or transported in interstate or foreign commerce by any means, including by computer, or if such visual depiction has actually been transported in interstate or foreign commerce or mailed.

4

18 U.S.C. § 2251(a). Citing the Supreme Court's opinion in *United States v. Lopez*, 514 U.S. 549 (1995), Randolph argues that Congress exceeded its authority under the Commerce Clause when it enacted section 2251(a). Ruling on this precise issue in *United States v. Galo*, 239 F.3d 572 (3d Cir. 2001), this court held three years ago that section 2251(a), along with section 2252(a)(4)(B), represents a constitutional exercise of Congress's authority under the Commerce Clause. We found that Congress rationally could have believed that intrastate possession of pornography has substantial effects on interstate commerce. *Id.* at 575-76. This panel has no authority to depart from binding Third Circuit precedent, and we therefore affirm Randolph's conviction.

## III.

### A.

Randolph also contests the District Court's imposition of a 188-month sentence, the sentence having taken as its predicate that section 2251(d) required the District Court to impose a sentence of at least fifteen years. Section 2251(d) requires a ten-year minimum sentence for individuals convicted of sexual exploitation of children under section 2251(a), and prescribes enhancements for those offenders who have previously been convicted under a state law "relating to the sexual exploitation of children." The District Court concluded that the Georgia child molestation statute under which Randolph was convicted in 1978 met this requirement. At the time of Randolph's guilty plea in 1978, Georgia's child molestation statute prohibited "any immoral or indecent act to or in the presence of or with any child under the age of 14 years with the intent to arouse or satisfy the sexual desires of either the child or the person." Ga. Code Ann. § 26-2019 (1978).[4]

Randolph maintains that "sexual exploitation of children" is a term of art relating exclusively to crimes involving the production of visual depictions of minors engaged in sexually explicit conduct. Because the production of visual depictions is not a necessary element of the crime of child molestation under Georgia law, Randolph argues, his 1978 guilty plea cannot serve as grounds for a sentence enhancement under section 2251(d).

Once again, our decision in *Galo* serves as a guidepost for our analysis. In that case, we discussed at length what constituted a state conviction "relating to the sexual exploitation of children," explaining that the determining factor was the statutory definition of the underlying crime. *Galo*, 239 F.3d at 581-82. We observed that a state law prohibiting statutory rape would qualify

---

[4] The statute has since been amended and recodified as Ga. Code Ann. § 16-6-4.

as "relating to the sexual exploitation of children," as would a state law prohibiting involuntary deviate sexual intercourse with a child under the age of thirteen. *Id.* at 583. Neither statutory rape nor involuntary deviate sexual intercourse with a child necessarily involves the production of visual depictions. Accordingly, Randolph's argument is unavailing. The District Court properly considered Randolph's guilty plea to charges of child molestation as grounds for a sentence enhancement under section 2251(d).

**B.**

The lone remaining question, then, is how severe a sentence enhancement is merited. If Randolph's guilty plea in 1978 to three counts of child molestation under Georgia law is considered as a single conviction, as the District Court concluded, then section 2251(d) prescribes a fifteen-year minimum sentence. If, however, Randolph's 1978 guilty plea counts as three convictions, as the government contends, then section 2251(d) compels a thirty-year minimum.

The term "conviction" is not defined anywhere in chapter 110 of the U.S. Code, and there is no indication in the legislative history of the statute containing the sentence enhancement provisions at issue, the Child Pornography Prevention Act of 1996, Pub. L. No. 104-208, § 121, 110 Stat. 3009, 3009-30, that Congress considered

the question whether findings of guilt under separate counts contained in a single indictment should be treated as multiple convictions or as one conviction. Moreover, we are aware of no prior judicial construction of the word "conviction" in the context of section 2251(d).

The meaning of "conviction" has been closely examined, however, in cases involving similar sentence enhancement provisions. In *Deal v. United States*, 508 U.S. 129 (1993), the Supreme Court faced this question with respect to 18 U.S.C. § 924(c)(1), which provides for an enhanced penalty when the defendant has a "second or subsequent conviction" for carrying a firearm during a crime of violence. Thomas Lee Deal was charged in one multicount indictment with multiple offenses arising from six armed robberies he committed over a four-month period. A jury convicted Deal of, *inter alia*, six counts of carrying and using a firearm during the robberies in violation of section 924(c)(1). The district court sentenced Deal to five years in prison on the first count and to the enhanced penalty of twenty years on each of the other five counts. On appeal, Deal argued that the word "conviction" in section 924(c)(1) could refer not only to a "verdict of guilt," of which there had been six, but also to an "entry of final judgment" of conviction. Because there had been only one entry of final judgment in his case, Deal reasoned that there was no "second or subsequent" conviction to trigger the enhanced

6

sentence.

The Court rejected Deal's argument, holding that the word "conviction" in section 924(c)(1) refers to the finding of guilt by a judge or jury. *Deal*, 508 U.S. at 132. Because the jury had found Deal guilty of six counts under section 924(c)(1), each count after the first constituted a "second or subsequent conviction" meriting an enhanced penalty. *See id.* at 533 n.1. The fact that the counts had been contained in a single indictment did not alter the Court's analysis.

Although *Deal* involved findings of guilt by a jury, we have applied the rationale of *Deal* to a defendant's guilty plea in *United States v. Couch*, 291 F.3d 251 (3d Cir. 2002). Bryan Couch pled guilty to, *inter alia*, three counts of discharging a firearm during a crime of violence in violation of section 924(c)(1). The district court imposed an enhanced sentence of twenty-five years[5] each for two of the three counts, and Couch appealed, arguing that because he entered one guilty plea to all three counts of a single indictment, no one count represented a "second or subsequent conviction" subject to the enhanced

sentencing provision of section 924(c)(1). Applying the rationale of *Deal*, we rejected Couch's argument. Explaining that "a plea of guilt . . . is equivalent to the same declaration made by a judge or jury," *id.* at 254, we concluded that the three firearms counts to which Couch pled guilty constituted three convictions, and that the district court thus properly applied the enhanced sentencing provision. *Id.* at 254-56.

The courts have also addressed this issue in the context of 18 U.S.C. § 924(e)(1), the Armed Career Criminal Act. Pursuant to section 924(e)(1), a defendant convicted of unlawful possession of a firearm under 18 U.S.C. § 922(g) receives an enhanced sentence if he "has three previous convictions . . . for a violent felony or serious drug offense, or both, committed on occasions different from one another." The courts of appeals have uniformly held that a defendant's conviction in a single judicial proceeding for multiple counts arising from separate criminal episodes is treated as multiple convictions under section 924(e)(1). *See, e.g.*, *United States v. Maxey*, 989 F.2d 303, 306 (9th Cir. 1993); *United States v. Samuels*, 970 F.2d 1312, 1315 (4th Cir. 1992); *United States v. Roach*, 958 F.2d 679, 684 (6th Cir. 1992); *United States v. Herbert*, 860 F.2d 620, 622 (5th Cir. 1988); *United States v. Rush*, 840 F.2d 580, 581 (8th Cir. 1988); *United States v. Greene*, 810 F.2d 999, 1000 (11th Cir. 1986).

Finally, courts have interpreted

---

[5] Between *Deal* and *Couch*, Congress amended section 924(c)(1), increasing the sentence enhancement for a "second or subsequent conviction" from 20 years to 25. Act of Nov. 13, 1998, Pub. L. No. 105-386, § 1(a)(1), 112 Stat. 3469, 3469.

"conviction" similarly in the context of 21 U.S.C. § 841(b)(1)(A), which prescribes penalties for the manufacture, distribution, or possession of a controlled or counterfeit substance. Section 841(b)(1)(A) imposes an enhanced sentence of life in prison if a drug offender has "two or more prior convictions for a felony drug offense . . . ." 21 U.S.C. § 841(b)(1)(A). The three circuits that have addressed the issue have determined that, under this section, multiple counts of a single indictment constitute separate convictions, as long as they arise from separate and distinct criminal episodes. *See United States v. Gray*, 152 F.3d 816, 821-22 (8th Cir. 1998); *United States v. Ford*, 88 F.3d 1350, 1365-66 (4th Cir. 1996); *United States v. Pace*, 981 F.2d 1123, 1132 (10th Cir. 1992), *abrogated in part on other grounds by Edwards v. United States*, 523 U.S. 511 (1998).

We are persuaded that the logic employed in the cases cited above should guide us in our interpretation of section 2251(d) as well. *Deal* and *Couch* exposed two serious problems with the interpretation of "conviction" adopted by the District Court in the present case. First, such a reading of section 2251(d) has the potential to undermine the separation of powers by endowing prosecutors with an "extraordinary new power." *Deal*, 508 U.S. at 134 n.2. As the Court observed in *Deal*, a rule dictating that a multicount indictment can produce only a single conviction "would give a prosecutor unreviewable

discretion either to impose or to waive the enhanced sentencing provisions . . . by opting to charge and try the defendant either in separate prosecutions or under a multicount indictment." *Id.* at 133. Whereas prosecutors have authority to charge or not to charge a particular offense, authority to determine the punishment for a charged offense rests exclusively with Congress and the courts. *See id.* at 134 n.2.

The construction of section 2251(d) adopted by the District Court also has the potential to create a second troublesome result – a result that we think Congress could not have intended. Under such a reading, "defendants whose guilty pleas are taken serially for each count will be subjected to much harsher sentences than equally culpable defendants who plead guilty to multiple counts simultaneously." *Couch*, 291 F.3d at 255. Considerations of fairness counsel against producing such an outcome.[6]

---

[6] Randolph also urges us to look for guidance to Georgia's recidivist statute, which would count Randolph's guilty plea to three counts of child molestation as one conviction rather than three. *See* Ga. Code Ann. § 17-10-7(d) ("For the purpose of this Code section, conviction of two or more crimes charged on separate counts of one indictment or accusation . . . shall be deemed to be one conviction."). This provision is inapposite, because the definition of a

Accordingly, we hold that under 18 U.S.C. § 2251(d), the three counts of child molestation to which Randolph pled guilty in 1978 constituted three prior convictions, sufficient to trigger the thirty-year minimum sentence for a defendant who has "2 or more prior convictions . . . under the laws of any State relating to the sexual exploitation of children."[7]

---

term contained in a federal statute is a question of federal, not state, law. *See Dickerson v. New Banner Inst., Inc.*, 460 U.S. 103, 111-12 (1983) (interpreting "convicted" in context of gun control statutes).

[7] We do not express an opinion on whether the "separate criminal episode" test should apply to cases like the present one involving 18 U.S.C. § 2251(d). Under the separate criminal episode test, individual counts of a single indictment are considered separate convictions only if they arise from separate and distinct criminal episodes. This test appears explicitly in 18 U.S.C. § 924(e)(1), which refers to convictions for offenses "committed on occasions different from one another," and has been read into 21 U.S.C. § 841(b)(1)(A) by the courts. *See, e.g.*, *United States v. Millard*, 139 F.3d 1200, 1209 (8th Cir. 1998) ("If two convictions result from acts forming a single criminal episode, they should be treated as a single conviction for sentencing enhancement under section 841(b)(1)(A)."). We have held, however, that this test does not apply in

## Conclusion

For the foregoing reasons, we reject Randolph's constitutional challenge to 18 U.S.C. § 2251(a), and affirm the judgment of conviction. However, we conclude that Randolph should have received the sentence enhancement mandated by 18 U.S.C. § 2251(d) for a defendant with "2 or more prior convictions . . . under the laws of any State relating to the sexual exploitation of children."[8] Therefore, we

---

the context of 18 U.S.C. § 924(c)(1). *See United States v. Casiano*, 113 F.3d 420, 425-26 (3d Cir. 1997).

We need not determine the applicability of the separate criminal episode test to section 2251(d) in reaching our decision. Even if we were to apply the test, it would clearly be satisfied here. The three counts of child molestation to which Randolph pled guilty in 1978 involved three different victims, and conduct that occurred at different times over a seven-month period.

[8] In its cross-appeal, the government makes a second argument to support the imposition of a thirty-year minimum sentence. Under section 2251(d), a minimum sentence of thirty years is prescribed for a violator of section 2251 "if such person has 2 or more prior convictions under this chapter [18 U.S.C. §§ 2251-2260], . . . or under the laws of any State relating to the sexual exploitation of children." The

will vacate Randolph's sentence and remand to the District Court for resentencing.

---

government contends that even if Randolph's 1978 guilty plea to three Georgia child molestation counts were considered one conviction, Randolph would still have two prior convictions for purposes of section 2251(d), because one of the two counts of sexual exploitation of children to which Randolph pled guilty in the present case should be deemed a "prior conviction[] under this chapter." Because we find that Randolph already has "2 or more prior convictions" by virtue of his 1978 guilty plea, we need not reach this question.