

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-27-2005

# USA v. Monac

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-1206

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"USA v. Monac" (2005). *2005 Decisions*. Paper 1550.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1550

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

NO. 04-1206
_____

UNITED STATES OF AMERICA

v.

WILLIAM P. MONAC, III

Appellant

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Criminal No. 02-cr-00245)
District Judge: Honorable Gary L. Lancaster

_____

Argued December 7, 2004

Before:  RENDELL, FISHER and YOHN*, Circuit Judges.

(Filed:  January 27, 2005)

_____

\* Hon. William H. Yohn, Jr., Senior Judge of the United States District Court for the
Eastern District of Pennsylvania, sitting by designation.

Ernest D. Preate, Jr. [ARGUED]
507 Linden Street
Scranton Electric Building
Scranton, PA 18503

*Counsel for Appellant*
 *William P. Monac, III*


Bonnie R. Schleuter
Paul M. Thompson [ARGUED]
Office of United States Attorney
700 Grant Street, Suite 400
Pittsburgh, PA 15219

*Counsel for Appellee*
 *United States of America*

_____

OPINION OF THE COURT
_____


YOHN, <u>District Judge</u>.

On September 26, 2003, William P. Monac III pled guilty to sexual exploitation of a minor in violation of 18 U.S.C. § 2251(a). On the day before sentencing, he filed a motion to withdraw his plea, claiming that he was actually innocent, that he had pled guilty only because he lacked the financial resources to pursue his defense, and that he had pled guilty on the belief that the government would move for a downward departure at sentencing. After an evidentiary hearing, the district court denied the motion and sentenced Monac to the statutory mandatory minimum of ten years in prison. Monac

-2-

now appeals the district court's denial of his motion to withdraw his guilty plea. He argues that the district court erred in holding that he did not offer a "fair and just reason" to withdraw his plea. He also contends that his plea should be set aside because the district court failed to inform him during the Rule 11 plea colloquy that a mandatory minimum sentence was applicable in his case.

The district court had jurisdiction under 18 U.S.C. § 3231, and we have jurisdiction under 28 U.S.C. § 1291. For the reasons stated below, we will affirm.

## I.

Monac agreed during his plea colloquy to the following summary of the facts: The victim of Monac's crime was a fifteen-year-old girl who had previously worked at his pizza shop. She had quit her job after being sexually assaulted by Monac while she was drunk and asleep in his apartment above the shop. She later reacquainted herself with Monac and asked him to lend her some money to finance a vacation. He lent her the money on the condition that she pose nude for him when she returned. She agreed. In July 1999, she posed nude for a sexually explicit photo shoot at Monac's home. In October 1999, Monac made a sexually explicit video of the girl. He later posted the photos on the Internet. Monac encouraged viewers to purchase additional pictures of the girl and directed interested individuals to the web site of his adult pornography business, "Erotic Excursions." The girl did not find out that her pictures were on the Internet until someone in Chicago downloaded them and sent her copies.

The Pennsylvania State Police eventually learned of Monac's activities as well.

They executed a search of Monac's residence on July 18, 2001, seizing cameras, photographs, film, video tapes, and a computer. Along with the pictures of the girl, Monac's computer contained more than a thousand other images of child pornography. Monac was arrested and later indicted on one count of sexual exploitation of a minor in violation of 18 U.S.C. § 2251(a) and one count of possession of material depicting the sexual exploitation of a minor in violation of 18 U.S.C. § 2252(a)(4)(B).

In return for Monac's entering a guilty plea, the government agreed to dismiss the second count in the indictment and not to supersede the indictment to add a third count charging him with producing the videotape of the victim.[1] Monac's plea letter provided that "the maximum penalty that may be imposed" is "a minimum term of imprisonment of ten (10) years and a maximum of twenty (20) years." Monac signed the plea letter, acknowledging that he had both read it and reviewed its terms with his attorney.

During the Rule 11 plea colloquy, the court informed Monac that he was subject to a maximum sentence of 20 years, but made no explicit mention of a mandatory minimum sentence. The mandatory minimum was mentioned, however, by the Assistant U.S. Attorney, who was asked by the court during the colloquy to explain the terms of the plea agreement. She said, in relevant part, that "[t]he maximum–and I would note in this case,

_____

[1]The third count would have been brought under 18 U.S.C. § 2251. At the time of Monac's sentencing, § 2251(d) required a minimum sentence of 15 years for any defendant having a prior conviction under the same section. The government was prepared to argue that one of Monac's two § 2251 offenses was a prior conviction. *See Unites States v. Randolph*, 364 F.3d 118 (3d Cir. 2004) (holding that multiple counts in one indictment are multiple "convictions" under § 2251).

-4-

the mandatory minimum–sentences are set forth in the plea letter which Mr. Monac has acknowledged." The plea letter, signed by Monac, was moved into evidence by the U.S. Attorney at the hearing.

The Presentence Investigation Report ("PSR"), a copy of which was sent to Monac's counsel after the entry of the guilty plea but well before sentencing, stated that "as statute mandates a minimum term of 10 years, pursuant to U.S.S.G. § 5G1.1(b), the guideline sentence shall be 120 months." Monac was asked by the court at his sentencing whether he had read the PSR and reviewed it with his attorney. He replied that he had. The court then noted that the defendant had filed no objections to the PSR.

The day before sentencing, Monac filed a motion to withdraw his guilty plea. He gave three reasons for his request. First, he claimed that he was actually innocent. Second, he claimed that he had pled guilty only because he lacked the financial resources to pursue his defense. Third, he claimed that he had pled guilty on the belief that the government would move for a downward departure at sentencing based on his cooperation. Shortly before sentencing, however, he learned that the government had decided not to move for a downward departure. Monac did not raise any issue with reference to the mandatory minimum sentence in his motion.

The district court held an evidentiary hearing to address the issues raised in Monac's motion to withdraw his plea. With respect to Monac's first argument, the court held that Monac had not "meaningfully reasserted his innocence." The court found that Monac had "failed to place on the record any facts that would support his argument of

actual innocence of these charges." With respect to Monac's second argument, the court held that Monac's financial situation was immaterial, because he had been fully apprised of his right to appointed counsel in the event that he could not afford to pay for his defense. With respect to Monac's third and final argument, the court found that Monac had no reason to believe that the government would move for a downward departure, because the record was devoid of evidence that the government had promised to do so. Monac's motion to withdraw his plea was denied, and he was sentenced to the statutory minimum of ten years in prison. He appealed.

## II.

We review the district court's denial of a motion to withdraw a guilty plea before sentencing for abuse of discretion. *United States v. Harris*, 44 F.3d 1206, 1210 (3d Cir. 1995). Under Rule 11(d) of the Federal Rules of Criminal Procedure, a district court may allow a defendant to withdraw his guilty plea before sentencing "if the defendant can show a fair and just reason for requesting withdrawal." The burden of demonstrating a "fair and just reason" falls on the defendant. *United States v. Isaac*, 141 F.3d 477, 485 (3d Cir. 1998). Once a court accepts a defendant's guilty plea, the defendant is not entitled to withdraw his plea simply on a whim. *United States v. Brown*, 250 F.3d 811, 815 (3d Cir. 2001). In deciding whether a defendant has met his burden, the district court must consider three factors: (1) whether the defendant has asserted his innocence; (2) the strength of the defendant's reasons for withdrawing his plea; and (3) whether the government would be prejudiced by the withdrawal. *United States v. Jones*, 336 F.3d 245,

-6-

252 (3d Cir. 2003). A shift in defense tactics, a change of mind, or fear of punishment are not sufficient reasons for forcing the government to try a defendant who has already admitted his guilt. *United States v. Jones*, 979 F.2d 317, 318 (3d Cir. 1992).

In his appellate brief, Monac offers the following list of reasons for withdrawing his plea and urges that they are sufficient to satisfy the "fair and just" standard: (1) he became financially able to present a defense; (2) he hired a private investigator who uncovered information that others, including the victim's sister, had access to his computer and could have downloaded the pornographic images; (3) the investigator uncovered evidence that the victim and her sister harbored a grudge against Monac, potentially undermining their credibility as witnesses; (4) Monac wanted to hire an expert on pedophilia to undercut the probable cause for the issuance of the search warrant, which relied on affidavits making reference to Monac as a likely pedophile; and (5) the government would not be prejudiced by the withdrawal of the plea. In addition to this list of reasons, Monac alleges that he is actually innocent and that he pled guilty because he could not afford to continue to pay counsel. He alleges, too, that he pled guilty because he reasonably believed that the government would move for a downward departure in the guideline sentence.[2]

The district court held that Monac did not "meaningfully reassert his innocence"

---

[2]The long list of reasons Monac offers on appeal is arguably an elaboration of the three reasons he originally brought in district court. Monac makes the additional argument on appeal that his trial counsel was ineffective, but he acknowledges that the proper posture for the ineffectiveness claim is collateral attack.

when he moved to withdraw his plea. During his plea colloquy, Monac admitted to producing sexually explicit photographs and a sexually explicit videotape of the minor victim. When asked by the district court if he did, "as charged in count one of the indictment, use, persuade, induce, entice, coerce a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of that conduct" in violation of 18 U.S.C. § 2251(a), Monac replied without qualification that he did. As to the additional evidence that Monac claims to have uncovered in the wake of his plea, it does nothing to further his cause. Even if Monac could prove that the victim had a grudge against him or that others had access to his computer and could have downloaded the pornographic images found on it, such facts are irrelevant to the issue of whether he committed the violation alleged in the count to which he pled guilty. And even if he could prove "legal innocence" by introducing expert testimony on pedophilia that would require the suppression of the search warrant, an assertion of "legal innocence" is insufficient to justify the withdrawal of a guilty plea; proof of *factual* innocence is required. *Brown*, 250 F.3d at 818.

We agree with the district court that the evidence offered by Monac to prove his actual innocence is woefully lacking. "Bald assertions of innocence are insufficient to permit a defendant to withdraw his guilty plea." *Jones*, 336 F.3d at 253. Monac's other claims, too, are unpersuasive. The claim that he pled guilty for purely financial reasons is undermined by the fact that he was expressly informed by the court during the plea colloquy that counsel would be appointed for him if he could not afford representation.

Monac's claim that withdrawal is justified because the government gave him reason to "hope" for a downward departure is equally without merit, particularly given that Monac himself concedes that no promise of a downward departure was ever made to him. We find no basis in the record for concluding that the district court abused its discretion in denying Monac's motion to withdraw his guilty plea.

**III.**

Although Monac did not raise the issue below, he now claims that his guilty plea should be set aside because it was not knowing and voluntary. He argues that the district court's failure to advise him directly during the Rule 11 plea colloquy that he was facing a mandatory minimum sentence of 10 years constitutes a defect in the colloquy which affected his decision to plead guilty. Rule 11(b)(1)(I) of the Federal Rules of Criminal Procedure requires the court to inform the defendant of any applicable mandatory minimum sentence.

Because Monac is raising the Rule 11 issue for the first time on appeal, he bears the burden of showing that the error in question was plain. *United States v. Vonn*, 535 U.S. 55, 62-63 (2002). To rise to the level of plain error, the error alleged must have affected the appellant's substantial rights. *United States v. Vazquez*, 271 F.3d 93, 99 (3d Cir. 2001). The Supreme Court in *United States v. Benitez*, __U.S.__, 124 S. Ct. 2333 (June 14, 2004), recently announced the test to be applied in determining whether a defendant alleging a Rule 11 defect has shown an effect on his substantial rights sufficient to satisfy the plain-error standard. The Court in *Benitez* held that a defendant asserting an

unpreserved Rule 11 failing must "show a reasonable probability that, but for the error, he would not have entered the plea." *Id.* at 2336. In assessing the effect of a Rule 11 error, a reviewing court must look at the entire record, not exclusively at the plea proceedings themselves. *Id.* at 2338 (citing *Vonn*, 535 U.S. at 74-75).

We turn first to Monac's plea agreement, which provided that "the maximum penalty that may be imposed" is "a minimum term of imprisonment of ten (10) years and a maximum of twenty (20) years." Monac asserts that the phrase "maximum penalty" in conjunction with the phrase "minimum term of imprisonment" gives rise to some degree of cognitive dissonance. Assuming this to be true, the question is whether other evidence in the record shows that whatever cognitive dissonance may have been produced in Monac's mind by the awkward wording in the plea letter was dispelled before he finally entered his plea.

The transcript of the plea colloquy reveals, as Monac claims, that he was not specifically informed by the court that he was subject to a mandatory minimum sentence under the plea agreement, as Rule 11 requires. But the effect of that omission was negated when disclosure of the mandatory minimum was made during the colloquy by the Assistant U.S. Attorney, who stated plainly that "[t]he maximum–and I would note in this case, the mandatory minimum–sentences are set forth in the plea letter which Mr. Monac has acknowledged." The acknowledgment to which the Assistant U.S. Attorney alluded was in the form of Monac's signature on the plea letter, which affirmed that he had reviewed the terms of the agreement with his attorney prior to the colloquy. While it is

-10-

true that the court was not the direct source of the disclosure to Monac that a mandatory minimum sentence was applicable in his case, the disclosure was nevertheless made during the colloquy, in open court, in the presence of the defendant and his counsel. If there was any doubt in Monac's mind at the time of the colloquy that he was facing a mandatory minimum, it is difficult to see how that doubt could reasonably have survived the Assistant U.S. Attorney's plain statement. When assessing the probable impact of the court's omission on Monac, the fact of the disclosure is more important than its source. *See United States v. Padilla*, 23 F.3d 1220, 1222 (7th Cir. 1994) ("Failure to inform a defendant about applicable mandatory minimums can be, but is not necessarily, a serious oversight. The inquiry is fact bound….The relevant inquiry must center upon what the defendant actually knows when he pleads guilty.").

It is also difficult for Monac to overcome the fact that, in moving to withdraw his guilty plea, he did not claim that he had been deceived or otherwise misled as to the applicability of a mandatory minimum sentence. By the time Monac filed his motion to withdraw his plea, he had received and reviewed the PSR, which clearly stated that the statute he violated "mandates a minimum term of 10 years." In addition to the PSR, Monac received an addendum reflecting the government's request for an adjustment in his offense level. The addendum reported that the adjustment had been made, resulting in an increased guideline sentence, but the probation officer who prepared the addendum wrote that the shift in the guideline range was moot, given the applicability of the mandatory minimum: "However, as statute mandates a minimum term of ten years, this

objection does not affect the sentence which must [be] imposed."

If the references to a mandatory minimum in the PSR and the addendum had truly been news to Monac at the time he reviewed those documents, which was after the plea colloquy but before sentencing, it is difficult to conceive that he would not have raised the Rule 11 issue immediately, when he moved to withdraw his plea. The reasonable inference to be drawn from this is that Monac knew before he received the PSR–knew, in fact, before the court accepted his plea, based on the plea letter and the disclosure during the colloquy–that the bargain he made included a mandatory minimum sentence of 10 years.

Monac argues that he got nothing from the plea agreement, and that he would have had no incentive to plead guilty absent a belief that he could have received a sentence of less than ten years. Again, the record does not support his position. There were incentives in the agreement sufficient to induce a reasonable person to enter the plea in spite of the 10-year mandatory minimum: the government agreed to drop the second count and, more significantly, agreed not to supersede the indictment to add a third count. The elimination of the second count was of limited benefit, given a provision in the agreement that the offenses alleged in it were to be used in calculating the guideline sentence; however, the agreement not to supersede the indictment was of considerable value, considering that a third count could have translated into a mandatory minimum sentence of 15 years. It makes perfect sense to conclude that Monac calculated his risk and acceded to a mandatory 10-year sentence to avoid exposure to a mandatory 15-year sentence.

Looking at the record as a whole, we cannot conclude that Monac has carried his burden of demonstrating that the Rule 11 defect in this case meets the *Benitez* standard for plain error. Under *Benitez*, a defendant must "satisfy the judgment of the reviewing court, informed by the entire record, that the probability of a different result is sufficient to undermine confidence in the outcome." *Benitez*, 124 S. Ct. at 2340 (internal quotation omitted). There is substantial evidence in the record that Monac knew when he entered his plea, despite the district court's failure to tell him specifically during the colloquy, that he was subject to a mandatory minimum sentence of 10 years. In light of this evidence, we hold that Monac has not shown a reasonable probability that, but for the error in the Rule 11 colloquy, he would not have pled guilty.

**IV.**

For the reasons stated above, we will AFFIRM the district court's Judgment and Commitment Order.

_____