UNITED STATES of America

v.

Anthony McFADDEN, Appellant.

No. 06–3687.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Jan. 8, 2008.

Filed: April 1, 2008.

George S. Leone, Sabrina G. Comizzoli, Office of United States Attorney, Newark, NJ, for United States of America.

M.W. Pinsky, Westmont, NJ, for Appellant.

Before: FUENTES and JORDAN, Circuit Judges and DITTER *, District Judge.

---

* Honorable J. William Ditter, Jr., United States District Court Judge for the Eastern District of Pennsylvania, sitting by designation.

## OPINION OF THE COURT

JORDAN, Circuit Judge.

Anthony McFadden appeals the sentence imposed by the District Court for his conviction for conspiracy to possess with the intent to distribute crack cocaine. On appeal, McFadden challenges: (1) the constitutionality of the holding in *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), that the United States Sentencing Guidelines ("Guidelines") are to be regarded as advisory; (2) the computation of criminal history points that determine his Criminal History Category; and (3) the disparity between sentences recommended for offenses involving crack cocaine and those recommended for offenses involving powder cocaine. We will affirm.

### I. Background

On April 25, 2006, although he had no plea agreement with the government, McFadden pleaded guilty to conspiring to distribute 50 grams or more of crack cocaine, contrary to 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A), and in violation of 21 U.S.C. § 846. The District Court accepted his guilty plea after an extensive plea colloquy, finding that McFadden had knowingly and voluntarily waived his constitutional rights, and that the plea hearing satisfied the requirements of Rule 11 of the Federal Rules of Criminal Procedure.

Although McFadden was considered a career offender under the Guidelines, the District Court granted his motion for downward departure and lowered his Criminal History Category from VI to V, determining that the applicable standard overstated McFadden's criminal record. The District Court also reduced McFad-

den's Total Offense Level from 34 to 31 for acceptance of responsibility. Based on these factors, McFadden's advisory Guidelines range was 168 to 210 months. The District Court ultimately imposed a sentence of 168 months imprisonment. McFadden then filed a timely notice of appeal.

McFadden's attorney filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), stating that there were no non-frivolous issues for review and requesting permission to withdraw as counsel. In response, McFadden submitted a *pro se* brief in which he raises three arguments in support of his appeal.[1]

## II. Discussion

Under *Anders v. California*, "if counsel finds his [client's] case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw." 386 U.S. at 744, 87 S.Ct. 1396. "That request must ... be accompanied by a brief referring to anything in the record that might arguably support the appeal." *Id.* Our review verifies that counsel for McFadden has satisfied the *Anders* requirements. We nevertheless discuss the arguments raised by McFadden in his *pro se* brief.

First, McFadden challenges the constitutionality of the Supreme Court's remedial ruling in *Booker*, 543 U.S. at 245, 125 S.Ct. 738, which effectively rendered the Guidelines advisory. Obviously, however, we are in no position to reverse the Supreme Court. "The reality is ... the same Court to strike down the judge-based, mandatory Guidelines system as unconstitutional also issued the remedy: a judge-based, advisory Guidelines scheme." *United States v. Grier*, 475 F.3d 556, 578 n. 23 (3d Cir.2007). In short, "it cannot be unconstitutional under current doctrine for a sentencing judge to do exactly what the Supreme Court has instructed be done." *Id.*

■ Second, McFadden asserts that, even though the District Court lowered his Criminal History Category from a VI to a V, his criminal history score remains overstated. Though McFadden disagrees with its conclusion, the District Court engaged in a thorough consideration of his prior felony offenses and even granted his request for downward departure. Its decision was not unreasonable.

■ Finally, McFadden argues that he is entitled to re-sentencing under *United States v. Gunter*, 462 F.3d 237 (3d Cir. 2006), where this Court held that the District Court has the discretion to impose a sentence below the applicable Guidelines range for a crack cocaine offense if the District Court concludes that the higher penalties imposed for crack cocaine offenses versus powder cocaine offenses would not serve the goals of sentencing in a particular case. However, as we stated in *Gunter*, "[t]he limited holding here is that district courts *may* consider the crack/powder cocaine differential in the Guidelines as a [18 U.S.C. § 3553(a) ] factor, but not a mandate, in the post-*Booker* sentencing process." 462 F.3d at 249 (emphasis added); *see also Kimbrough v. United States*, —— U.S. ——, 128 S.Ct. 558, 564, 169 L.Ed.2d 481 (2007) (holding

---

1. This Court reviews the calculations and application of the Guidelines by the District Court for reasonableness. *United States v. Ali*, 508 F.3d 136, 141 (3d Cir.2007) (citing *Booker*, 543 U.S. at 261, 125 S.Ct. 738). We exercise plenary review over McFadden's constitutional challenge to the Supreme Court's decision in *Booker*. *Cf. United States v. Randolph*, 364 F.3d 118, 121 (3d Cir.2004) ("We apply a plenary standard of review to issues of statutory interpretation, and to questions regarding a statute's constitutionality.") (citations omitted).

that the trial judge may consider the crack/powder cocaine disparity in determining whether, "in the particular case, a within-Guidelines sentence is 'greater than necessary' to serve the objectives of sentencing") (quoting 18 U.S.C. § 3553(a)). Here, the District Court gave careful consideration to all of the § 3553(a) factors, and, in doing so, determined that the application of the harsher standard for crack cocaine offenses was appropriate in McFadden's case. Again, its determination was not unreasonable.

McFadden's counsel was correct in concluding that there are no non-frivolous bases for appeal.[2] Therefore, we will grant counsel's request to withdraw, and we will affirm the judgment of sentence.[3]

**2.** Pursuant to 3d Cir. L.A.R. 109.2 (2002), we find that counsel is not obligated to file a petition for writ of certiorari in the Supreme Court.

**3.** Our decision is rendered without prejudice to any right McFadden may have to pursue a

reduced sentence in the District Court pursuant to 18 U.S.C. § 3582(c)(2), which sets forth the Sentencing Commission's policy statement adopting Amendment 706's reduction by two levels the base offense levels for crack cocaine offenses. *United States v. Wise,* 515 F.3d 207, 217–18 (3d Cir.2008).