NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-1334
_____

UNITED STATES OF AMERICA

v.

PIERRE CIDONE,
a/k/a Pski

PIERRE CIDONE,
             Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 3-06-cr-0061-001)
District Judge:  Honorable A. Richard Caputo
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 28, 2011

Before:  FISHER, VANASKIE and ROTH, *Circuit Judges*.

(Filed: November 18, 2011)
_____

OPINION OF THE COURT
_____

FISHER, *Circuit Judge*.

1

Pierre Cidone ("Cidone") appeals the District Court's judgment and sentence for the charge of possession with intent to distribute in excess of 50 grams of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). Pursuant to *Anders v. California*, 386 U.S. 738 (1967), counsel for Cidone filed a brief explaining that there are no non-frivolous issues for appeal. Cidone outlined the reasons for his appeal in a subsequently filed *pro se* brief. For the reasons discussed below, we will affirm the District Court's judgment and grant defense counsel's motion to withdraw.

## I.

We write principally for the parties, who are familiar with the factual context and legal history of this case. Therefore, we will set forth only those facts necessary to our analysis.

On May 4, 2005, a confidential informant notified the Scranton Police that Cidone was traveling to New Jersey to purchase crack cocaine and then returning to Scranton, Pennsylvania. The informant described in detail the vehicle being used, the passengers in the vehicle, its destination, and the estimated time of arrival. When the vehicle arrived in Scranton, the police officers at the scene verified the informant's description. After the police approached the vehicle, they identified themselves and shined flashlights into the vehicle. The police observed Cidone making furtive movements in the rear passenger seat. The police then removed the occupants of the vehicle and observed in plain view, where Cidone had been sitting, a clear plastic bag that appeared to contain crack cocaine.

2

The officers then arrested Cidone and read him his *Miranda* rights. Cidone denied that he owned the drugs.

On February 14, 2006, a federal grand jury returned an indictment against Cidone, charging him with conspiracy to distribute in excess of 50 grams of cocaine base, in violation of 21 U.S.C. § 846 (Count 1), possession with intent to distribute in excess of five grams of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B) (Count 2), and possession of more than five grams of cocaine base, in violation of 21 U.S.C. § 844 (Count 3). On January 23, 2008, after conducting a hearing, the District Court denied Cidone's motion to suppress the evidence. On June 4, 2008, Cidone pled guilty to possession with intent to distribute in excess of five grams of cocaine base (Count 2). The plea agreement was later amended to remove the recommended sentence term. The District Court accepted Cidone's guilty plea after conducting a colloquy and finding that he knowingly and voluntarily pled guilty. Cidone subsequently filed a motion to withdraw his guilty plea, which was denied. The District Court sentenced Cidone to 120 months of imprisonment. Cidone filed a timely appeal.

## II.

The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We have appellate jurisdiction under 28 U.S.C. § 1291. Counsel may file a motion to withdraw representation under *Anders* if, after reviewing the district court's record, he or she is "persuaded that the appeal presents no issue of even arguable merit." Third Circuit

3

L.A.R. 109.2(a). We evaluate a counsel's *Anders* brief twofold: (1) whether counsel thoroughly examined the record in search of appealable issues and explained why the issues are frivolous; and (2) "whether an independent review of the record presents any non-frivolous issues." *United States v. Youla,* 241 F.3d 296, 300 (3d Cir. 2001). If we determine that "the *Anders* brief initially appears adequate on its face," the second step of our inquiry is "guided . . . by the *Anders* brief itself." *Id.* at 301 (quotation marks and citation omitted). Because defense counsel's *Anders* brief appears to be thorough and adequate on its face here, we now examine the arguments presented in his *Anders* brief.

## III.

### A.

Defense counsel submits that there is no non-frivolous argument that the District Court lacked jurisdiction over the case. We conduct plenary review over whether the District Court properly exercised jurisdiction. *Reich v. Local 30*, 6 F.3d 978, 982 (3d Cir. 1993).

"The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States." 18 U.S.C. § 3231. Because Cidone's conviction and sentence were for an offense under federal law, there is no non-frivolous argument that the District Court lacked jurisdiction.

### B.

4

In his *pro se* brief, Cidone argues that "all Federal drug crimes are unconstitutional." In his *Anders* brief, defense counsel submits that this argument is frivolous. "We apply a plenary standard of review . . . to questions regarding a statute's constitutionality." *United States v. Randolph*, 364 F.3d 118, 121 (3d Cir. 2004) (*citing United States v. Rodia*, 194 F.3d 465, 469 (3d Cir. 1999)).

We have no difficulty holding that federal laws regulating food and drugs under Title 21 of the U.S. Code, including 21 U.S.C. § 841, under which Cidone was convicted, are constitutional. Under the Commerce Clause, Congress has the power to regulate the large interstate market for illegal drugs, just as it has the power to regulate food and drugs in general. U.S. Const. Art. I, § 8, cl. 3; *see*, *e.g.*, *Reina v. United States*, 364 U.S. 507, 511 (1960). Thus, we reject Cidone's argument and agree with defense counsel.

## C.

Defense counsel next submits there is no non-frivolous argument that Cidone's guilty plea was invalid because the District Court conducted an inadequate colloquy under Federal Rule of Criminal Procedure 11(b)(1). Because Cidone failed to timely object, we review the alleged Rule 11 violation for plain error. *United States v. Corso*, 549 F.3d 921, 927 (3d Cir. 2008) (citation omitted).

The District Court conducted a proper plea colloquy under Rule 11. During the plea hearing, Cidone was placed under oath and asked a series of questions pursuant to Rule 11 to ensure that he understood his rights and the consequences of pleading guilty.

The District Court verified that Cidone had signed the plea agreement, read and understood the provisions of the agreement, conferred with his attorney about the agreement, and was freely and voluntarily agreeing to plead guilty. Additionally, the District Court explained the maximum possible penalties, the mandatory minimum penalties, and how the advisory guidelines would be taken into consideration. The District Court's colloquy was thorough and proper, and thus, in accord with Rule 11.

**D.**

Defense counsel submits there is no arguably meritorious argument that the District Court erred in denying Cidone's motion to withdraw his guilty plea. We review the District Court's denial of a motion to withdraw a guilty plea for abuse of discretion. *United States v. Brown*, 250 F.3d 811, 815 (3d Cir. 2001).

After the court accepts a plea agreement, but before it imposes a sentence, the plea can only be withdrawn if (1) the court subsequently rejects the agreement under Rule 11(c)(5), or (2) "the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. Pr. 11(d)(2). Cidone bears the substantial burden of showing a fair and just reason for withdrawal. *See United States v. Jones*, 336 F.3d 245, 252 (3d Cir. 2003). The District Court "must consider three factors when evaluating a motion to withdraw a guilty plea: (1) whether the defendant asserts his innocence; (2) the strength of the defendant's reasons for withdrawing the plea; and (3) whether the government would be prejudiced by the withdrawal." *Id.* (citations omitted). "A shift in defense

6

tactics, a change of mind, or the fear of punishment are not adequate reasons to impose on the government the expense, difficulty, and risk of trying a defendant who has already acknowledged his guilt by pleading guilty." *Brown*, 250 F.3d at 815 (quotation marks and citation omitted).

As defense counsel asserts, there is no merit to Cidone's claim that the District Court abused its discretion in denying the motion to withdraw his guilty plea. In asserting his innocence, Cidone merely argues that the drugs found in the vehicle did not belong to him. However, "[a]ssertions of innocence must be buttressed by facts in the record that support a claimed defense." *Id.* at 818 (quoting *United States v. Salgado-Ocampo*, 159 F.3d 322, 326 (7th Cir. 1998)). Cidone's failure to cite to any facts in the record to support his assertion of innocence leads us to reject his claim.

In addition to asserting his innocence, Cidone must also "give sufficient reasons to explain why contradictory positions were taken before the [D]istrict [C]ourt and why permission should be given to withdraw the guilty plea." *Jones*, 336 F.3d at 253 (citation omitted). Cidone proffers that he pled guilty because he was under a considerable amount of stress and under the influence of medication. We find his explanations insufficient to overcome his substantial burden under *Jones*. *See id.* at 252. As discussed above, the District Court's colloquy was thorough and proper, and the record indicates that Cidone's plea was knowing and voluntary. Additionally, the Government presented the testimony of FBI agent Larry Whitehead, who testified that Cidone did not appear to

7

be under any great deal of stress and that he knowingly and voluntarily, without coercion, signed a statement that he intended to distribute the cocaine base found in the vehicle.[1] Because Cidone failed to present a fair and just reason for withdrawing his guilty plea, the District Court did not abuse its discretion when it denied his motion.

**E.**

Defense counsel next contends there is no non-frivolous argument that the District Court erred in determining Cidone was a career offender under the U.S. Sentencing Guidelines or in any other aspect of sentencing. We exercise plenary review over questions of law, including interpretations of the Sentencing Guidelines. *See United States v. Hull*, 456 F.3d 133, 137 (3d Cir. 2006). When reviewing the District Court's sentencing decision, we first determine whether the District Court committed a significant procedural error, and if no significant procedural error is found, we determine whether the ultimate sentence imposed was substantively reasonable under an abuse of discretion standard. *See United States v. Brown*, 595 F.3d 498, 526 (3d Cir. 2010).

The District Court correctly held that Cidone qualified as a career offender under the Sentencing Guidelines because (1) he was at least eighteen years old at the time he committed the crime; (2) the current conviction is for a felony that is a crime of violence

---

[1] We need not reach the third factor regarding whether the Government would be prejudiced because the Government "is not required to show prejudice when a defendant has shown no sufficient grounds for permitting withdrawal of a plea." *United States v. Martinez*, 785 F.2d 111, 116 (3d Cir. 1986) (citation omitted).

or a controlled substance offense; and (3) he has at least two prior felony convictions of either a crime of violence or a controlled substance offense. *See* U.S.S.G. § 4B1.1(a). The first two conditions are not in dispute, and the third condition is also met given Cidone's two prior convictions for drug trafficking and criminal restraint. Because Cidone conceded in the District Court that his 1997 Pennsylvania conviction for manufacturing, delivery, or possession with intent to manufacture or deliver a controlled substance was a qualifying predicate for career offender status, only his 2000 New Jersey conviction for criminal restraint is at issue here.

When evaluating prior convictions for career offender purposes, we employ a categorical approach and "'look only to the fact of conviction and the statutory definition of the prior offense.'" *United States v. Stinson*, 592 F.3d 460, 464 (3d Cir. 2010) (citing *Taylor v. United States*, 495 U.S. 575, 602 (1990)). Under this approach, we must (1) "establish for which specific crime [Cidone] was convicted"; (2) "interpret the necessary elements of that crime"; and (3) "determine whether those elements necessarily bring the prior crime within the definitions of [a crime of violence or a controlled substance offense]." *See United States v. Remoi*, 404 F.3d 789, 792-93 (3d Cir. 2005) (citation omitted). Under New Jersey law, Cidone was convicted for "knowingly . . . [r]estrain[ing] another unlawfully in circumstances *exposing the other to risk of serious bodily injury*," N.J. Stat. Ann. 2C:13-2 (emphasis added), which is punishable by a maximum of five years' imprisonment. N.J. Stat. Ann. 2C:43-6. Under the Sentencing

9

Guidelines, a "crime of violence" includes "any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that . . . involves conduct that *presents a serious potential risk of physical injury to another*." U.S.S.G. § 4B1.2(a)(2) (emphasis added). Accordingly, Cidone's third degree criminal restraint conviction fits squarely within the definition of "crime of violence" under the Sentencing Guidelines and qualifies as a predicate offense for career offender status.

Furthermore, there is no non-frivolous argument that Cidone's sentence was procedurally or substantively unreasonable. The District Court took into consideration all of the relevant factors under 18 U.S.C. § 3553 and contained in the Presentence Investigation Report. It correctly calculated Cidone's offense level and criminal history category, resulting in a Guidelines range between 262 and 327 months of imprisonment. The District Court also took into consideration the disparity in the Guidelines between crimes relating to powder cocaine base and crack cocaine and sentenced Cidone to 120 months' imprisonment, well below the Guidelines range. Therefore, Cidone's sentence was procedurally and substantively reasonable, and the District Court did not abuse its discretion.[2]

---

[2] Cidone also asserts that the District Court erred in denying his motion to suppress the evidence and that his right to speedy trial was violated. However, Cidone's subsequent guilty plea waived his right to appeal these issues. *See Tollett v. Henderson*, 411 U.S. 258, 267 (1973). Thus, we need not reach the merits of the claims.

**IV.**

For the reasons set forth above, we will affirm the judgment of the District Court and grant defense counsel's motion to withdraw.