

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-12-2009

# USA v. Moreta

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-4309

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. Moreta" (2009). *2009 Decisions*. Paper 1871.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1871

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-4309
_____

UNITED STATES OF AMERICA

v.

PEDRITO SANTIAGO MORETA,
also known as TRU,

Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 06-cr-00096)
District Judge: Honorable Eduardo C. Robreno
_____

Submitted Under Third Circuit LAR 34.1(a)
February 6, 2009

Before:  McKEE, JORDAN, and LOURIE*, *Circuit Judges.*

(Filed February 12, 2009)
_____

OPINION OF THE COURT
_____

_____
        *Honorable Alan D. Lourie, Circuit Judge of the United States Court of Appeals
for the Federal Circuit sitting by designation.

LOURIE, *Circuit Judge*.

Pedrito Moreta seeks to appeal the District Court's order of judgment sentencing him to 421 months of incarceration. For the reasons set forth below, we will affirm.

I.      Discussion

On March 7, 2006, a federal grand jury returned an indictment of Moreta for five counts, two of which involved using and carrying, and aiding and abetting the use and carrying of, a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c). The two counts, Count Three and Count Five of the indictment, involved two attempted robberies that occurred on the same day, one of a Brinks armored truck and the other of a check cashing station, respectively. During the Brinks truck robbery, Moreta was alleged to have used a can of Mace® while an accomplice held a firearm; during the check cashing station robbery, Moreta was alleged to have held a firearm himself. A jury convicted Moreta of all charges on July 25, 2007.

On November 8, 2007, the District Court sentenced Moreta to 37 months of incarceration on Counts One, Two, and Four, to run concurrently; 84 months on Count Three; and 300 months on Count Five. The sentences for Counts Three and Five were to run consecutively to each other and to those for Counts One, Two, and Four, for a total sentence of 421 months of incarceration, followed by five years of supervised release.

On appeal, Moreta makes two arguments. First, he argues that the evidence was insufficient for the jury to find him guilty of Count 3 because he did not use or carry a firearm himself during the armed truck robbery and did not know that his accomplice was going to use a firearm. Second, Moreta argues that the District Court erred by sentencing

him to a mandatory 25-year consecutive sentence for committing a "second or subsequent" conviction under 18 U.S.C. § 924(c)(1)(C) because both convictions, on Counts Three and Five, stemmed from the same indictment and were in effect issued simultaneously. We will address each argument in turn.

When a defendant fails to file a timely motion for acquittal under Rule 29(c) of the Federal Rules of Criminal Procedure, as is the case here, we review a claim of insufficiency of evidence under a plain error standard. *United States v. Wolfe*, 245 F.3d 257, 260-61 (3d Cir. 2001). "A conviction based on insufficient evidence is plain error only if the verdict 'constitutes a fundamental miscarriage of justice.'" *United States v. Thayer*, 201 F.3d 214, 219 (3d Cir. 1999) (quoting *United States v. Barel*, 939 F.2d 26, 37 (3d Cir. 1991)).

It is clear that sufficient evidence was presented at trial to support the conviction of Moreta on Count Three. We have held that an individual who does not personally use or carry a firearm may still be found guilty of violating 18 U.S.C. § 924(c)(1) on an aiding and abetting theory if the actions of the defendant who did not use or carry a firearm "were sufficiently 'intertwined with, and his criminal objectives furthered by' the actions of the participant who did carry and use the firearm." *United States v. Gordon*, 290 F.3d 539, 547 (3d Cir. 2002) (quoting *United States v. Garth*, 188 F.3d 99, 113 (3d Cir. 1999)). In this case, the government presented evidence that Moreta had advance knowledge of the plan to use a gun, as his co-defendants testified that the plan to rob the truck was discussed several times in his presence. It was not, therefore, plain error to conclude that

3

Moreta's actions were sufficiently intertwined with, and his criminal objectives furthered by his accomplice's use of a gun. *See id.*

Furthermore, the evidence indicated that Moreta sprayed the Mace® after his accomplice pointed a gun at the truck's passenger. Even if Moreta did not have advance knowledge of the plan to use a firearm, his continued participation after the gun was being used is enough to support an aiding and abetting conviction. *See United States v. Price*, 76 F.3d 526, 529-30 (3d Cir. 1996). Moreta also concedes that the government presented overwhelming facts to convict him of conspiracy to rob the Brinks truck. Under *Pinkerton v. United States*, Moreta is liable for all reasonably foreseeable acts of his co-conspirators in furtherance of the conspiracy. 328 U.S. 640, 647-48 (1946). Given his involvement in both attempted robberies and his own use of a gun during the check cashing station robbery, Moreta could have reasonably foreseen his accomplice's use of a gun during the Brinks truck robbery. Thus, sufficient evidence supported Moreta's conviction on Count Three.

Turning to Moreta's second argument, the District Court's ruling that 18 U.S.C. § 924(c)(1)(C) required a sentence of at least 25 additional years in prison, consecutive to any sentences imposed for other offenses, is one of statutory interpretation. As such, it is subject to plenary review. *United States v. Randolph*, 364 F.3d 118, 121 (3d Cir. 2004).

18 U.S.C. § 924(c)(1)(C) states that a minimum 25-year sentence is required for "a second or subsequent conviction" under 18 U.S.C. § 924(c)(1). Moreta argues that § 924(c)(1)(C) was intended to act as a recidivist statute, whereby a defendant would

4

have to be convicted of the first offense before committing the second, and here his convictions on Counts Three and Five were in effect simultaneous.  As Moreta himself acknowledges, however, this argument was explicitly rejected by the Supreme Court in *Deal v. United States*, 508 U.S. 129 (1993).  (Appellant's Br. 15.)  In *Deal*, the Supreme Court held that § 924(c)(1)(C) did not require the second conviction to occur after the first conviction was final, and thus the defendant, who was convicted of six separate offenses under § 924(c)(1), was subject to the enhanced punishment for a second or subsequent conviction, even though all of his convictions occurred at the same time.  508 U.S. at 135.  Here, Moreta was convicted of two separate offenses under § 924(c)(1) which were prosecuted together, just as in *Deal*.  Moreta also acknowledges that we have repeatedly adopted *Deal*'s reasoning when faced with the same issue and that here he is arguing the position of the dissent in *Deal*.  (Appellant's Br. 15-17.)  It is clear that we are bound by *Deal*, and its holding is on point.  Accordingly, Moreta's statutory interpretation argument must fail.

II.     Conclusion

For the reasons stated above, we will affirm the District Court's order sentencing Moreta to 421 months of incarceration.