NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-1541
_____

UNITED STATES OF AMERICA

v.

PEDRITO SANTIAGO MORETA,
also known as TRU,
                                        Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2:06-cr-00096-001)
U.S. District Judge:  Honorable Harvey Bartle III
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
January 27, 2025
_____

Before: SHWARTZ, KRAUSE, and PORTER, <u>Circuit Judges</u>.

(Filed:  January 30, 2025)
_____

OPINION[*]
_____

_____

   [*] This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7,
does not constitute binding precedent.

SHWARTZ, Circuit Judge.

Pedrito Santiago Moreta appeals his sentence for his Hobbs Act and firearms convictions. Because the sentence is procedurally and substantively reasonable, we will affirm.

I

In August 2005, Moreta and co-conspirators robbed a Brinks truck. Moreta sprayed mace in the truck driver's face while another co-conspirator pointed a gun at the driver. United States v. Moreta, 310 F. App'x 534, 537 (3d Cir. 2009). The pair stole $781,000 but dropped the money after the driver fired at them with his own gun. Moreta and his co-conspirators then sought to rob a check cashing store. Moreta entered the premises with a gun, shots were fired, and one of the co-conspirators and the storeowner were hit. The storeowner shot Moreta, foiling the robbery attempt.

In 2006, a jury found Moreta guilty of (1) conspiracy to commit Hobbs Act robberies; (2) Hobbs Act robbery of the truck; and (3) attempted Hobbs Act robbery of the store, all in violation of 18 U.S.C. § 1951(a). The jury also convicted Moreta of carrying, or aiding and abetting in the carrying of, a firearm during the robbery and attempted robbery in violation of 18 U.S.C. § 924(c). Moreta was sentenced to 421 months' imprisonment with five years of supervised release.[1]

_____

[1] This prison sentence was comprised of (1) 37 months' imprisonment for each of the Hobbs Act convictions, all to run concurrently, (2) a consecutive 84 months' imprisonment for the § 924(c) conviction stemming from the truck robbery, and (3) 300 months' imprisonment for the § 924(c) conviction stemming from the attempted check cashing robbery, to run consecutively to all other counts.

In 2022, the United States Supreme Court held that an attempted Hobbs Act robbery was not a "crime of violence" within the meaning of § 924(c). United States v. Taylor, 596 U.S. 845, 851-52 (2022). Accordingly, the District Court vacated Moreta's § 924(c) conviction based on the attempted robbery and resentenced him. On resentencing, the Presentence Report calculated the Guidelines range for Moreta's Hobbs Act convictions as 151 to 188 months and for his § 924(c) conviction associated with the truck robbery as 84 months to run consecutive to his Hobbs Act sentence, for a total range of 235 to 272 months.

Each party sought a variance. The United States sought 300 months' imprisonment based on the violent nature of the offenses, while Moreta sought 204 months' imprisonment based on his successful rehabilitation during his seventeen years in prison. After calculating the advisory Guidelines range and considering the § 3553(a) factors, the District Court imposed 288-months' imprisonment—a sixteen-month upward variance. The Court found the sentence was justified by (1) the seriousness of the crimes, (2) the fear and injuries experienced by the victims, (3) the use of firearms, (4) the need for just punishment and general deterrence, and (5) Moreta's criminal history.[2] The Court acknowledged Moreta's rehabilitation, noting that it seemed unlikely that Moreta would reoffend, but found this mitigating factor was outweighed by the need for general deterrence.

---

[2] When Moreta's counsel asked the District Court its reasons for the variance, the Court stated that, even though one of Moreta's crimes was only an attempted robbery, it was "serious nonetheless." App. 30.

Moreta appeals.

## II[3]

On appeal, Moreta argues that his sentence is both procedurally and substantively unreasonable, but his arguments fail.

## A

In reviewing a sentence's procedural reasonableness, we focus on whether the district court (1) correctly calculated the applicable Guidelines range, (2) considered any departure motions, and (3) meaningfully considered all relevant 18 U.S.C. § 3553(a) factors, including any variance requests. United States v. Merced, 603 F.3d 203, 215 (3d Cir. 2010).

Moreta claims that the District Court erred in parts of its § 3553(a) analysis. The record, however, shows that the District Court meaningfully considered (1) Moreta's rehabilitation and whether the sentence imposed was needed to provide him education or training, 18 U.S.C. § 3553(a)(2)(D), (2) specific deterrence, 18 U.S.C. § 3553(a)(2)(C), and (3) his variance request. After Moreta informed the Court about his improvement in prison and asserted that he did not need "more time for education or training," App. 19, the Court noted his rehabilitation and low risk of recidivism, but nonetheless concluded that the "totality of the circumstances" warranted a sentence that (1) deters others, (2)

---

[3] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). Where, as here, the defendant challenges a sentence's procedural and substantive reasonableness, we review the District Court's reasoning for abuse of discretion. See United States v. Tomko, 562 F.3d 558, 567 (3d Cir. 2009) (en banc).

protects the interests of society and victims, and (3) accounts for the seriousness of the crimes, App. 28. The District Court thus considered Moreta's rehabilitation and his claimed lack of a need of additional education but found them outweighed by other § 3553(a) factors.[4] See Tomko, 562 F.3d at 569 & n.8 (holding that a district court adequately considered deterrence when, after argument on the issue, it issued a sentence which it stated met the "goals of punishment, deterrence, and rehabilitation").

The District Court also justified its sixteen-month upward variance. When varying from the advisory Guidelines range, a district court must make "an individualized determination" that a sentence within the Guidelines range is insufficient to serve the goals of punishment outlined in § 3553. Tomko, 562 F.3d at 570. The District Court here considered (1) the crime's severity and harm to the victims; (2) the fact that firearms were involved; (3) the need for just punishment; (4) general and specific deterrence; and (5) Moreta's rehabilitation.[5] Because the District Court correctly calculated the Guidelines range, considered the § 3553(a) factors, and provided its individualized reasons for the variance, its sentence is procedurally reasonable.[6]

---

[4] To the extent Moreta takes issue with how the Court weighed those factors, he challenges the sentence's substantive reasonableness, which is discussed later in this opinion. See United States v. Fountain, 792 F.3d 310, 323 (3d Cir. 2015).

[5] The Court also acknowledged the change in law that precipitated the resentencing—namely, the Supreme Court's holding that attempted Hobbs Act robbery was not a "crime of violence" under the categorical approach, Taylor, 596 U.S. at 851-52—but concluded that the crimes here were "serious nonetheless," and specifically noted a victim was shot. App. 30.

[6] Moreta argues that the District Court erred because the factors it cited in justifying its variance "were already contemplated in the calculation of the [G]uideline[s] range sentence." Appellant's Br. at 19. Moreta is mistaken. A sentencing court may base a variance on factors that played a role in generating the Guidelines range. See

B

Having concluded that the sentence "is procedurally sound, we will affirm it unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided." Tomko, 562 F.3d at 568. "Our substantive review requires us not to focus on one or two factors, but on the totality of the circumstances." Id. at 567 (citing Gall v. United States, 552 U.S. 38, 51 (2007)).

Moreta asserts that no reasonable sentencing court would have imposed an above-Guidelines sentence for the reasons the District Court provided. We disagree. Courts have varied upward for similar reasons, including the seriousness of the crime, injury to victims, and use of firearms. See e.g., United States v. Johnson, 803 F.3d 610, 619 (11th Cir. 2015) (holding fifteen-month upward variance for armed robbery was substantively reasonable given the nature of the crime, defendant's use of firearms in other robberies, and to ensure just punishment); United States v. Nelson, 793 F.3d 202, 207 (1st Cir. 2015) (upholding forty-seven-month upward variance for two Hobbs Act violations, where the district court justified the variance by stating that it "balance[d] [] the severity of the crimes with [the defendant's] stated desire to reform his behavior"). Considering the totality of the circumstances, including Moreta's rehabilitation, the violent nature of the offenses, the impact on the victims, the role of firearms in the crimes, and the need for

---

Tomko, 562 F.3d at 571 (considering defendant's "negligible criminal history" despite the fact that such history was already factored into Guidelines range); cf. United States v. Philiposian, 267 F.3d 214, 217, 219-20 (3d Cir. 2001) (holding that the district court did not commit procedural error by departing upward based on extreme pain suffered by the victim, even though the Guidelines range already accounted for the victim's pain).

6

just punishment and general deterrence, we cannot say that no reasonable sentencing court would have imposed the same sentence on Moreta. Thus, Moreta's substantive reasonableness challenge fails.

III

For the foregoing reasons, we will affirm.

7